MELVIN E. WINKELMANN ET AL., APPELLANTS, V.
NEBRASKA LIQUOR CONTROL COMMISSION
ET AL., APPELLEES.

253 N. W. 2d 307

Filed May 11, 1977. No. 40978.

Richard J. Bruckner, for appellants.

Paul L. Douglas, Attorney General, and Robert R. Camp, for appellee Nebraska Liquor Control Commission.

Thomas P. Kelley of Kelley & Kelley, for appellee Boal, Inc.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

WHITE, C. THOMAS, J.

This is an appeal from the granting of a Class D Liquor License to Boal, Inc., by the Nebraska Liquor Control Commission.

Robert G. and Allene L. Schaffer own Boal, Inc., which previously held a Class C liquor license at a location in downtown Plattsmouth, Nebraska. The lease on the premises used by Boal, Inc., expired in May 1975 and could not be renewed. On April 30, 1975, the Class C liquor license expired. The city council of Plattsmouth voted to place the license "in abeyance" until Boal, Inc., could find a new location. On August 11, 1975, the city council amended its zoning ordinance to allow the issuance of a liquor license in an area including the intersection of 15th

and Hill Streets. Shortly thereafter, Boal, Inc., filed an application with the Nebraska Liquor Control Commission for a Class C liquor license at that location. Boal proposed that a service station be remodeled to accommodate a small bar and off-sale liquor establishment. The city council, in September 1975, passed a resolution approving the issuance of the license. Protests were filed and the commission held a hearing on October 1, 1975. The application was denied.

On October 23, 1975, Boal, Inc., again applied for a Class C liquor license for the same location. The city council again recommended the issuance of the license. A hearing was set for January 21, 1976. At the hearing, Boal, Inc., amended the application to ask for only a Class D liquor license. A Class C license allows both on and off-sale liquor while a Class D license allows only off-sale liquor. Following the hearing, the Class D license was approved.

The protestants at the hearing appealed to the District Court asking for a reversal of the commission's action. Both Boal, Inc., and the commission were listed as defendants. The commission filed an answer but did not make an appearance. The court ruled that "the recommendation by the Council for a Class C license included therein by implication a recommendation for the lesser license." It then held that the action of the commission was neither arbitrary nor capricious. The protestants appeal to this court.

Appellants initially argue that judgment should have been granted against the commission due to the failure to appear and to present evidence. The argument is based upon a contention that the commission is an indispensable party. In Lynch v. City of Omaha, 153 Neb. 147, 43 N. W. 2d 589 (1950), the plaintiffs, police officers, were dismissed from the force by a ruling of the Omaha police civil service commission. On appeal it was argued that the po-

lice civil service commission was an indispensable party. We held: "The police civil service commission and its members were doubtless proper, but in no sense indispensable parties." In 73 C. J. S., Public Administrative Bodies and Procedure, § 178, p. 524, it is stated: "* * * the agency which made the order in question is usually considered a necessary, or at least a proper, party, * * *." See, also, 2 Am. Jur. 2d, Administrative Law, § 742, p. 641. The above-quoted section also provides: "Where the subject matter of the appeal does not give rise to issues affecting the public interest generally, the agency, if made a party, need take no active part in the litigation, but may leave it to the parties directly concerned." The protestants and the applicant for the license were the concerned parties in this case. The commission properly refused to take an active part in the litigation.

The appellants next argue that the action of the commission in granting a Class D license to Boal, Inc., was arbitrary and capricious. The standard of review in an appeal from the Liquor Control Commission is to determine whether the findings of the commission are supported by substantial evidence and whether the District Court and the commission followed the proper statutory criteria. See The 20's, Inc. v. Nebraska Liquor Control Commission, 190 Neb. 761, 212 N. W. 2d 344 (1973).

We have held that the power to regulate and control alcoholic liquors is vested exclusively in the Nebraska Liquor Control Commission except as specifically provided otherwise by statute. See, Hadlock v. Nebraska Liquor Control Commission, 193 Neb. 721, 228 N. W. 2d 887 (1975); City of Lincoln v. Nebraska Liquor Control Commission, 181 Neb. 277, 147 N. W. 2d 803 (1967). According to statute, the commission must allow the appropriate governmental unit a chance to make a recommendation upon the issuance of a license. § 53-131, R. R. S. 1943.

The recommendation, however, is not binding upon the commission. See City of Lincoln v. Nebraska Liquor Control Commission, *supra.*

Appellants argue that the granting of the license was arbitrary and capricious because the commission did not receive any recommendation from the city council of Plattsmouth concerning a Class D liquor license. The city council did, however, recommend the issuance of a Class C liquor license. The District Court held, and we agree, that the recommendation for a Class C license implied a recommendation for a Class D license. If a particular location is suitable for both on and off-sale liquor, then surely it is suitable for off-sale liquor only.

Appellants also contend that the commission's action in the issuance of the license was not supported by sufficient evidence. The Nebraska Liquor Control Commission, after an administrative hearing, must base its findings and orders on a factual foundation in the record of the proceedings and the record must show some valid basis on which a finding and order may be premised. Where the record of the proceedings contains no evidence to justify an order, the action must be held to be unreasonable and arbitrary. See, J K & J, Inc. v. Nebraska Liquor Control Commission, 194 Neb. 413, 231 N. W. 2d 694 (1975); Hadlock v. Nebraska Liquor Control Commission, *supra.*

The evidence shows that the license in question is to be located in a remodeled service station located in a commercial district on a highway which passes through Plattsmouth. The location was within the area zoned by the city council as suitable for the sale of alcohol. The city council recommended that a business with off-sale liquor be allowed at that location. The applicant did not have a history of violating liquor regulations. In summary, the record contains ample evidence to support the action of the commission.

The judgment of the District Court is affirmed.

AFFIRMED.