**Casmir PALUCK, Plaintiff and Appellant,**

v.

**BOARD OF COUNTY COMMISSIONERS, STARK COUNTY, North Dakota, Defendant and Appellee,**

and

**State Tax Commissioner of North Dakota and Elm Grove School District No. 13 of Belfield, North Dakota, Respondents.**

**Civ. No. 9891.**

Supreme Court of North Dakota.

July 9, 1981.

Robert A. Keogh, Dickinson, for plaintiff and appellant (on brief); argued by Casmir Paluck, pro se.

Owen Mehrer, State's Atty., Dickinson, for defendant and appellee Stark County.

VANDE WALLE, Justice.

Casmir Paluck appealed a decision of the district court of Stark County reversing a determination of the North Dakota Tax Appeals Board. We affirm the decision of the district court.

Paluck owns certain rural property in Stark County. The property is not tilled but, rather, Paluck utilizes it as pasture. In 1978, the Stark County assessor assessed the property at $1,878. Paluck appealed the assessment to the Stark County Board of Equalization, which approved the assessment. Paluck then appealed the assessment to the State Board of Equalization in accordance with the provisions of Section 57–12–06(4), N.D.C.C. The State Board also affirmed the assessment. Subsequently Paluck filed a written application for abatement and settlement of taxes with the Stark County Board of County Commissioners (hereinafter "Stark County") in accordance with the provisions of Chapter 57–23, N.D.C.C. Paluck, in his application, con-

tended that the assessed valuation was excessive considering the use and productivity of the property. After a hearing before the Board of County Commissioners, the Board denied the application for abatement and settlement of the taxes. Paluck appealed the denial to the North Dakota Tax Appeals Board as authorized by Chapter 57–23.1, N.D.C.C. The Board, after a hearing, entered its findings of fact, conclusions of law, and order reducing the assessment on the land in question from $1,878 to $1,431. Stark County appealed the decision of the Board to the district court.[1] The district court determined that Chapter 57–23.1 is unconstitutional and further determined that the decision of the Board was in error. The district court ordered that the decision of the Board be vacated and that the original assessment be reaffirmed. Paluck appealed to this court setting forth the following issues:

1. Is Chapter 57–23.1, N.D.C.C., which creates the North Dakota Tax Appeals Board, constitutional?

2. Are the findings of fact, conclusions of law, and order of the Board supported by the evidence?

3. Did the Board err in considering the use of the property when making its findings of fact, conclusions of law, and order reducing the assessment on the land in question?

## I

Before considering the merits of the decision of the Board we are faced with the issue of the constitutionality of the legislation establishing the Tax Appeals Board.[2] The district court concluded that the statutes (Chapter 57–23.1, N.D.C.C.) creating the Board were unconstitutional because, in creating an administrative agency, the Legislature created a body that had nothing to administer, thus violating the separation-of-powers doctrine. The district court determined the only function of the Board was to hear appeals from a decision of a county on the abatement or refund of real estate taxes. The district court's opinion states, in part:

"The creation of the Board with no other function than to hear such appeals is a Legislative attempt to create a court, albeit termed a board, and violates the constitution of the State of North Dakota that vests the judicial power of the State in the Supreme Court, District Courts, County Courts, Justices of the Peace, and in such other Courts as may be created by

1. Section 57–23.1–02, N.D.C.C., provides that any party aggrieved by a decision of the Board may appeal to the district court. That statute further provides that the State Tax Commissioner and any taxing district which will be affected by the action are to be made parties in the appeal to the district court. As a result of that statute the State Tax Commissioner and Elm Grove School District No. 13 were added as parties at the district court level although they did not participate in the appeal in the district court nor have they participated in the appeal to this court.

2. This appeal comes to us in a rather odd posture considering the significance of the constitutional issue. Paluck appeared pro se in district court and also argued his own appeal in this court although the brief on appeal to this court was prepared by legal counsel. Paluck's oral argument was concerned with the facts involved in the second and third issues. Counsel for Stark County conceded at oral argument that the Attorney General was not given notice of the appeal and the constitutional issues regarding the statutes creating the Tax Appeals Board contained therein. Section 32–23–11, N.D.C.C., provides, in part, that if a statute is alleged to be unconstitutional "the attorney general of the state also shall be served with a copy of the proceeding and shall be entitled to be heard." That statute is a part of the chapter on declaratory judgments. This is not a declaratory-judgment proceeding. Nevertheless, when a constitutional challenge is made to a statute directly involving the prerogatives of the legislative as well as the judicial branches of government and the taxing authority of the State, it would seem that the Attorney General should be notified so that he might appear on a matter which is significant to the operation of government in this State. The Tax Commissioner chose not to appear in the matter although he raised the same constitutional issues in *Caldis v. Board of Cty. Comrs., Grand Forks Cty.*, 279 N.W.2d 665 (N.D.1979). Because the constitutional issue was briefed both in support of and against the validity of the legislative enactment, we consider the issue to be properly before us although we would prefer that the Attorney General had been given notice so that he might have participated in presenting arguments on an issue so significant to the State.

law for cities, incorporated towns and villages. The constitution of North Dakota does not permit the creation of special courts by the legislature, only those courts that are enumerated in the constitution."

The district court's language reflects reliance on Section 85 of the North Dakota Constitution which prior to its repeal in 1976 provided:

"The judicial power of the State of North Dakota shall be vested in a supreme court, district courts, county courts, justices of the peace, and in such other courts as may be created by law for cities, incorporated towns and villages."

On September 7, 1976, the electorate of North Dakota repealed the entire judicial article of the Constitution, including Sections 85 through 120, and replaced it with a new judicial article. 1975 N.D.Sess.Laws ch. 615; 1977 N.D.Sess.Laws ch. 599.[3] Section 1 of Article VI of the North Dakota Constitution currently reads:

"The judicial power of the state is vested in a unified judicial system consisting of a supreme court, a district court, *and such other courts as may be* provided by law." [Emphasis supplied.]

The difference between the two constitutional provisions above quoted is immediately apparent: Prior to 1976 the Constitution limited the authority of the Legislature to create additional courts except for "cities, incorporated towns and villages." The current constitutional provision in effect since 1976 contains no such limitation but specifically authorizes the Legislature to create other special courts without limitation. But the statutes creating the Tax Appeals Board were enacted in 1973 by N.D.Sess.Laws ch. 459, prior to the time the current constitutional provision became effective, although the current cause of ac-

tion did not arise until 1978, after the new constitutional provision was effective. If we were to view the enactment of the Tax Appeals Board in light of the current constitutional provision, we might well conclude that the Legislature has established a special court which, according to the current constitutional provision, it is authorized to do. However, if we consider the Legislature to have established a special court the validity of that establishment must be measured by the constitutional provision in effect at the time of the enactment unless the constitutional amendment expressly or impliedly ratifies or confirms the statute. *State v. Bates*, 305 N.W.2d 426 (Iowa 1981); *Bucher v. Powell County*, Mont., 589 P.2d 660 (1970); *Fellows v. Schultz*, 81 N.M. 496, 469 P.2d 141 (1970); 16 Am.Jur.2d, *Constitutional Law* § 259, p. 732; 16 C.J.S. *Constitutional Law* § 45, p. 140. At the time of the enactment of the statutes creating the Tax Appeals Board in 1973, the constitutional provision permitted the Legislature to establish courts only for "cities, incorporated towns and villages." The Tax Appeals Board is obviously not established for "cities, incorporated towns and villages" nor is there in the current constitutional provision any express or implied ratification of the Tax Appeals Board as a court. Therefore, if we are to consider the Tax Appeals Board as a court we must hold the establishment of that court in 1973 unconstitutional as violating the constitutional provision limiting the establishment of courts by the Legislature to those for "cities, incorporated towns and villages."

In his brief, however, Paluck urges that we view the establishment of the Tax Appeals Board as the creation of an administrative agency rather than a court. Indeed, the minutes of the legislative committees which considered the bill establishing the Tax Appeals Board[4] as well as an opinion

---

3. After the adoption of the new judicial Article IV in 1976, it contained Sections 85 through 97. In 1980, pursuant to Section 46–03–11.1, N.D.C.C., the numbering arrangement of the North Dakota Constitution was changed and the judicial article is now Article VI and the sections of that article are numbered from 1 through 13. Our reference to specific provisions of the Constitution will be to those sections as numbered

by the Legislative Council pursuant to the authority of Section 46–03–11.1, N.D.C.C.

4. See Minutes of House Finance and Taxation Committee of January 16, 1973, and Minutes of Senate Finance and Taxation Committee of February 26, 1973, in which HB 1027 was considered. See also pages 37–38 of the Report of the North Dakota Legislative Council for 1973.

of the Attorney General[5] indicate that was the intent of the legislation. Furthermore, in previous cases involving appeals of matters heard by the Tax Appeals Board this court, for purposes of the appeal, has considered the Board to be an administrative agency although we either refused to decide the issue of whether or not the Tax Appeals Board was an administrative agency [*Caldis v. Board of Cty. Comrs., Grand Forks Cty.*, 279 N.W.2d 665 (N.D.1979)] or the issue was not raised by the parties and was not discussed by this court [*United Power Assn. v. Board of Cty. Comrs.*, 300 N.W.2d 36 (N.D. 1980); *N.D. Conf. A. of 7th-D. Adv. v. B. of C. Comrs.*, 234 N.W.2d 912 (N.D.1975)] or we considered the Board to be an administrative agency for purposes of the appeal, although we specifically indicated that we were not deciding the issue because it had not been raised by the parties [*Mills v. Board of County Commissioners, Burleigh County*, 305 N.W.2d 832 (N.D.1981)].

■ In addition, if a statute is susceptible of two constructions, one which will be compatible with constitutional provisions or one which will render the statute unconstitutional, we must adopt the construction which will make the statute valid. See, e. g., *State v. Howe*, 247 N.W.2d 647 (N.D. 1976). Therefore, we must determine whether or not the Tax Appeals Board, if considered an administrative agency rather than a court, will violate our Constitution.

An "administrative agency" is defined by Section 28–32–01(1), N.D.C.C., as "any officer, board, commission, bureau, department, or tribunal other than a court, having statewide jurisdiction and authority to make any order, finding, determination, award, or assessment which has the force and effect of law and which by statute is subject to review in the courts of this state."

Section 57–23.1–02, N.D.C.C., establishing the authority of the Tax Appeals Board, provides, in part:

"The board may abate or order the refund of, in whole or in part, any assess-

ment or tax upon real or personal property for any of the grounds provided for in section 57–23–04.... Any party aggrieved by a decision of the tax appeals board may appeal to the district court...."

■ The Tax Appeals Board meets the requirements for an administrative agency as prescribed in Section 28–32–01(1) in that it has state-wide jurisdiction and authority to make an order which has the force and effect of law and which by statute is subject to review in the courts of this State. We have already determined that the Board cannot be a court.

■ Stark County does not take issue with a construction which defines the Tax Appeals Board as an administrative agency. However, it urges us to conclude, as did the district court, that the statutes creating the Board are nevertheless unconstitutional because they delegate judicial functions to a nonjudicial body. In *City of Carrington v. Foster County*, 166 N.W.2d 377 (N.D.1969), this court recognized that the creation by our Constitution of the three branches of government operates as an apportionment of the different classes of power and that because all the branches derive their authority from the same Constitution there is an implied exclusion of each branch from the exercise of the functions of the other. However, this court long ago recognized that quasi-judicial functions could be delegated to an administrative body. See *State v. Taylor*, 33 N.D. 76, 156 N.W. 561 (1916), *error dismissed* 245 U.S. 627, 38 S.Ct. 60, 62 L.Ed. 518 (1917). This court has also recognized that quasi-judicial powers may be delegated to an administrative agency where adequate standards were established by the Legislature. *Ralston Purina Company v. Hagemeister*, 188 N.W.2d 405 (N.D.1971).

Insofar as the delegation of quasi-judicial functions is concerned, however, those functions are ordinarily incidental to other functions, either executive or quasi-legislative,

HB 1027 was the result of an interim legislative study and was enacted by the Forty-third Legislative Assembly without amendment.

5. See opinion of the Attorney General of the State of North Dakota dated December 6, 1974, page 574 of Report of the Attorney General for July 1, 1972, to December 31, 1974.

performed by the agency and are not considered improper in that context. *State v. Taylor, supra*; 1 Am.Jur.2d, *Administrative Law*, § 145, pp. 952–954; 16 C.J.S. *Constitutional Law*, § 173, pp. 866 et seq. Stark County has referred us to the decision in *Layton School, Etc. v. Wis. Emp. Rel. Comn.*, 82 Wis.2d 324, 262 N.W.2d 218 (1978), in which the Wisconsin court held the delegation of certain quasi-judicial powers to an administrative agency did not violate the separation-of-powers doctrine of the Wisconsin Constitution. In that instance the Wisconsin court noted:

"This court has recognized that not all adjudication is judicial and that courts are not the exclusive instrumentalities for adjudication. In several cases we have upheld the scope of a given delegation of adjudicative authority to an administrative agency on the ground that the power delegated is only *quasi judicial*, since it is simply incidental to the agency's duty of administering the law." 262 N.W.2d at 229.

After examining the scope of the quasi-judicial authority delegated to the administrative agency in *Layton School, supra*, the Wisconsin court determined that such authority was only incidental and reasonably necessary to the execution of the statutes which the agency was charged to administer. This same rationale is evident in the cases cited in 1 Am.Jur.2d, *supra*, and 16 C.J.S., *supra*.

Stark County notes, however, that the Tax Appeals Board is given no statutes to administer. It is created solely for the purpose of hearing appeals from the Board of County Commissioners on the abatement of taxes. A review of Chapter 57–23.1, N.D. C.C., reveals the correctness of Stark County's position. There is no other purpose for the Tax Appeals Board. Its only function is to hear appeals from the boards of county commissioners on the abatement of taxes. The Tax Appeals Board administers no statutes. It has no executive or quasi-legislative powers. It is true that the Board does not have unbridled discretion because Section 57–23.1–03, N.D.C.C., authorizes an abatement or refund of taxes for only the grounds provided in Section 57–23–04, N.D.

C.C.; nor is the decision of the Board final because, as we have already noted, it may be appealed to the district court. However, the appeal from the decision of the Tax Appeals Board is not a de novo appeal. Sec. 28–32–19, N.D.C.C. The review by the district court and by this court of the Tax Appeals Board decision is limited to determining whether or not reasoning minds reasonably could have determined that the factual conclusions reached were proved by weight of the evidence from the entire record before the Tax Appeals Board. *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214 (N.D. 1979). The Tax Appeals Board is, however, not so limited in considering the appeal from the decision of the Board of County Commissioners. The parties may testify and present evidence at the hearing before the Board. The only limitation placed upon the Tax Appeals Board is that the order for abatement or refund must be for the reasons specified in Section 57–23–04, N.D.C.C. The conclusion that the Tax Appeals Board exercises only judicial functions is inescapable. We have already determined that the Legislature could not, in 1973, create a special court for the purpose of hearing these matters. If we were to determine that the statutes creating the Tax Appeals Board are valid by labeling the Board an administrative agency rather than a court, but with the same powers as a court, we would permit to be done indirectly what cannot be done directly. We therefore conclude that the statutes creating the Tax Appeals Board are invalid for the reason they establish a court which was not authorized by the North Dakota Constitution at the time of the enactment of the statutes creating the Board.

 In reaching this conclusion we have taken into consideration the usual presumptions of validity which attend an act of the Legislature, i. e., an enactment of the Legislature is presumed to be constitutional; the courts will construe statutes so as to harmonize their provisions with the Constitution if it is possible to do so; every presumption is in favor of the propriety and constitutionality of legislation and improper motives in its enactment are never imputed

to the Legislature. *State v. Miller*, 129 N.W.2d 356 (N.D.1964). Thus where an act is regularly passed by the Legislative Assembly the only test concerning the validity of the act is whether or not it violates either the State or the Federal Constitution. *Souris River Telephone Mutual Aid Corp. v. State*, 162 N.W.2d 685 (N.D.1968). However, because the statutes establishing the Tax Appeals Board create a court or a body with exclusively judicial powers not permitted by the North Dakota Constitution at the time of the enactment of the statutes they are invalid.

Our conclusion is not reached lightly because we are aware that the current constitutional provision, Section 1 of Article VI, contains no limitation on the authority of the Legislature to establish courts. The North Dakota Legislature has plenary powers, except as limited by the State Constitution, the United States Constitution, and Congressional Acts in matters in which the Federal Government is supreme. *State ex rel. Agnew v. Schneider*, 253 N.W.2d 184 (N.D.1977). In *Schneider* the court had under consideration the question of whether or not the new judicial article repealed by implication the existing statutes creating the county courts with increased jurisdiction. In concluding that the statutes were not repealed by implication the court stated:

> "We are satisfied the rule of law now is that a statute which is valid when enacted is not automatically repealed by implication with the adoption of a nonself-executing constitution or constitutional amendment on the same subject unless the statute is repugnant to, in conflict with, or inconsistent with the new constitution or constitutional amendment. However, if the new constitution or constitutional amendment is self-executing, an implied repeal may well result.

> "We also recognize and accept the rule of law that a statute on the books is not automatically repealed by implication

upon the adoption of a new constitutional provision if the Legislature under the new constitutional provision could validly have enacted the same statute." 253 N.W.2d at 195–196.

In this instance the statutes creating the Tax Appeals Board were not valid when enacted, contrary to the situation in *Schneider*. It is also apparent, however, that, as in *Schneider*, the constitutional amendment removing the limitation on the power of the Legislature to create additional courts is not self-executing, i. e., new courts are not automatically created without legislative action.

 If we were to determine the validity of the Tax Appeals Board in the light of the current constitutional provisions, without considering whether or not the Tax Appeals Board could be a valid part of the unified judicial system created by the new judicial article, our conclusion might be different. However, as we have already discussed, the validity of a statute is ordinarily determined by the constitutional provisions in effect at the time of the enactment of the statutes rather than by the current constitutional provisions. In addition, because the history of the enactment of the statutes creating the Tax Appeals Board indicates the Legislature may have intended that procedurally the Tax Appeals Board should be considered as an administrative agency, our opinion will provide the Legislature with an opportunity to review this matter to determine whether or not a separate court should be established to hear tax appeals and, if it is determined that a separate court should be established, the Legislature will also have the opportunity to specify, in new legislation, the functions of that court as well as its composition and the qualifications of its members.[6] The Legislature may also determine to create an administrative agency which has administrative authority and in which a review of

---

**6.** Section 3 of Article VI of the North Dakota Constitution provides that the Supreme Court shall have authority to promulgate rules of procedure, including appellate procedure, to be followed by all the courts of the State.

assessments would be a quasi-judicial function incidental to its duty of administering the law.

Because of our conclusion that the statutes creating the Tax Appeals Board are invalid, it follows that any determinations of the Tax Appeals Board are also invalid. It therefore is not necessary to consider the issues relating to the specific determination of the Tax Appeals Board in this matter.

The decision of the district court is affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.