0116

OWEN STEEL COMPANY, INC., Appellant, v.
S. C. TAX COMMISSION, Respondent.
(313 S. E. (2d) 636)

Court of Appeals

*George S. King, Jr.,* and *Elizabeth A. Carpentier, of Boyd, Knowlton, Tate & Finlay,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Joe L. Allen, Jr.,* and *Asst. Atty. Gen. Ronald W. Urban,* Columbia, *for respondent.*

March 5, 1984.

BELL, Judge:

This action seeks review pursuant to the Administrative Procedures Act of proposed property tax assessments for the tax years 1977 and 1978. The circuit court sustained the Tax Commission's demurrer to the petition for review. The taxpayer appeals. We reverse and remand.

In 1977 and 1978 the Tax Commission notified Owen of proposed assessments of Owen's real property in Richland County. In both years, Owen timely appealed the proposed assessments to the Commission, as provided in § 12-37-50, Code of Laws of South Carolina, 1976. By written order the Commission affirmed the assessments for both years. Owen then sought review of both decisions before the Tax Board of Review pursuant to Code § 12-5-50 et seq. The Board consolidated the two appeals. On February 8, 1979, the Board affirmed the assessments. Within thirty days after receiving notice of the Board's decision, Owen filed a petition in the court of common pleas seeking judicial review pursuant to the Administrative Procedures Act (the APA), § 1-23-380, Code of Laws of South Carolina, 1976, as amended. The petition named only the Commission as a party respondent.

The Commission demurred to the petition, asserting (1) there was a defect of parties because the Board of Review had not been made a respondent, and (2) the petition was untimely because more than thirty days had passed since the filing of the Commission's orders in 1977 and 1978. The circuit court sustained the demurrer on the second ground and dismissed the petition.

This case raises the question of the proper procedure to follow in appealing an assessment by the Tax Commission. Prior to enactment of the APA, a taxpayer aggrieved by an assessment appealed to the Tax Commission, and, if dissatisfied with the Commission's decision, then appealed to the Tax Board of Review. Code §§ 12-37-50, 12-5-50. If unable to obtain relief through this process of administrative review, the taxpayer could pay the tax under protest and bring an action in the circuit court for a refund. Code § 12-47-220. The taxpayer was required to exhaust his administrative remedies with the Commission and the Board of Review before seeking relief in

the courts. *Newberry Mills, Inc. v. Dawkins,* 259 S. C. 7, 190 S. E. (2d) 503 (1972); *Meredith v. Elliott,* 247 S. C. 335, 147 S. E. (2d) 244 (1966).

Since the enactment of the APA, the taxpayer has an additional avenue for seeking judicial review of an assessment. Code § 1-23-380 provides that a party who has exhausted all administrative remedies and who is aggrieved by a final agency decision is entitled to judicial review. Judicial review under the APA is cumulative to any other means of review available to the aggrieved party. Code § 1-23-380. It does not supplant the normal requirement that a party must exhaust his administrative remedies before seeking judicial review. *See, e.g., Commission on Medical Discipline v. Bendler,* 280 Md. 326, 373 A. (2d) 1232 (1977).

Owen and the Commission agree that APA review is available in this case. Likewise, they agree that Owen was required to exhaust its administrative remedy of review by the Board of Review before coming to court. They differ over who are proper parties to a proceeding for judicial review under the APA and the time within which a petition for judicial review must be filed.

I.

The case comes to us in an unusual posture. In the circuit court Owen argued that the Board of Review is not an "agency" within the meaning of the statute because its hearings are not conducted according to the procedures set forth in Code § 1-23-320. The Commission disagrees with this argument, but it contends that if Owen is correct, the petition for judicial review was out of time because it was not filed within thirty days of the Commission's decision as required by the APA. In our judgment neither position is correct.

The arguments overlook the definition of "agency" contained in the APA. According to Code § 1-23-310, "agency" means "each state board . . . authorized by law . . . to determine contested cases. . . ." A contested case is defined by that same section as "a proceeding . . . in which the legal rights . . . of a party are required by law to be determined by an agency after an opportunity for hearing. . . ." The section does not incorporate the requirements of § 1-23-320 in the definition of "contested case." Nor does it contain a definition of the word "hearing." Therefore, the word "hearing" should be construed

according to its ordinary meaning. *Akers v. Rowan,* 33 S. C. 451, 12 S. E. 165 (1890); *Perrin v. United States,* 444 U. S. 37, 100 S. Ct. 311, 62 L. Ed. (2d) 199 (1979).

Contrary to the arguments advanced by the parties, the Board of Review is an "agency" as defined by the APA. It is a statewide board appointed by the Governor. Code § 12-5-10. It is authorized by law to decide appeals concerning tax assessments. Code § 12-5-50 et seq. An appeal to the Board of Review is a "contested case" because the Board is required to determine the legal rights of the taxpayer after a hearing. *See* Code §§ 12-5-50, 12-5-70. Both the taxpayer and the Commission have the right to present their position to the Board of Review, making the proceeding adversary. *See* Code § 12-5-60. These features plainly satisfy the definitional requirements of an "agency" in the APA. *Cf., Paluck v. Board of County Commissioners, Stark County,* 307 N. W. (2d) 852 (N. D. 1981).

It follows from the foregoing that Owen's petition for judicial review was timely filed. The APA requires institution of proceedings for judicial review within thirty days after the final decision of the agency. Code § 1-23-380(b). The final agency decision in this case was the decision of the Board of Review, not the decision of the Commission as the circuit court found. *See Commission on Medical Discipline v. Bendler,* 280 Md. 326, 373 A. (2d) 1232 (1977). Owen served its petition within thirty days of receiving the Board's decision. It was error to sustain the demurrer on the ground that the petition was not timely filed.

II.

In oral argument the Commission also maintained that if the Board of Review is an agency within the meaning of the APA, it must be made a party to the petition for judicial review. Since Owen failed to join the Board as a party, the Commission argues, the demurrer should have been sustained on the ground of defect of parties.

The statute itself contains no requirement that the agency be made a party to the petition for judicial review. It states only that copies of the petition shall be served on the agency and all parties of record. Code § 1-23-380(b); *see Young v. City of Great Falls,* Mont., 632 P.

(2d) 1111 (1981); *see also Montoya v. Department of Finance and Administration,* 98 N. M. 408, 649 P. (2d) 476 (1982). In the absence of a provision in the APA as to parties, the question of whether the agency is a necessary party to the petition for judicial review is governed by the general rules as to parties in civil actions. *Headley v. Lasseter,* 147 So. (2d) 154 (Fla. Dist. Ct. App. 1962), *cert. dismissed,* 152 So. (2d) 171 (1963); *Plummer v. Johnson,* 61 N. M. 423, 301 P. (2d) 529 (1956).

In considering whether there is a defect of parties, the distinction between necessary and proper parties is crucial. *Hardwick v. Liberty Mutual Insurance Co.,* 243 S. C. 162, 133 S. E. (2d) 71 (1963). The omission of a party who might be a proper party to the action does not render a petition demurrable under Code § 15-13-320(4), unless that party is a necessary or indispensable party. *Huggin v. Gaffney Development Co.,* 229 S. C. 340, 92 S. E. (2d) 883 (1956); *Kirton v. Howard,* 137 S. C. 11, 134 S. E. 859 (1926).

A party is not a necessary party unless it has rights which must be ascertained and settled before the rights of the parties to the action can be determined. *Doctor v. Robert Lee, Inc.,* 215 S. C. 332, 55 S. E. (2d) 68 (1949); *Fouche v. Royal Indemnity Co. of New York,* 212 S. C. 194, 47 S. E. (2d) 209 (1948). Ordinarily, an administrative review board is not a necessary party for purposes of judicial review. *Cf., Young v. City of Great Falls,* Mont., 632 P. (2d) 1111 (1981); *Winkelmann v. Nebraska Liquor Control Commission,* 198 Neb. 481, 253 N. W. (2d) 307 (1977).

While the Tax Board of Review may be a proper party in a proceeding for judicial review (*see South Carolina Tax Commission v. South Carolina Tax Board of Review,* 278 S. C. 556, 299 S. E. (2d) 489 (1983)), it is not a necessary party here. Its presence is not required to insure there will be an adversary party before the court, and, unlike the Tax Commission, it is not charged with enforcing the public interest in the collection of lawful taxes. *Cf., Hasbrouck Heights v. Division of Tax Appeals,* 48 N. J. Super. 328, 137 A. (2d) 585 (1958). It has no rights which must be ascertained by the court. It does not protect any public interest that is separate and apart from either Owen Steel or the Tax Commission. *See Montoya v. Department of Finance and Administration,* 98 N. M. 408, 649 P. (2d) 476 (1982). Therefore, there

was no defect of parties by reason of Owen's failure to join the Board of Review as a respondent.

We note, however, that the APA requires one seeking judicial review of a final agency decision to serve the agency with a copy of the petition for review. This requirement insures that the agency will receive notice of any proceeding to review its decision. Upon being served, if the agency is minded to participate in the proceeding for judicial review, it may make a timely motion to be joined as a party. Except in unusual circumstances, we anticipate that such a motion would be granted as a matter of course.

For the reasons stated, we are of the opinion that the circuit court erred in sustaining the demurrer to Owen's petition. Accordingly, the judgment dismissing the petition is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SHAW and CURETON, JJ., concur.