1237

Wagdy K. DEMIAN, Respondent v. The SOUTH CAROLINA HEALTH AND HUMAN SERVICES FINANCE COMMISSION and the South Carolina Budget and Control Board, Division of Human Resource Management, Appellants.

(374 S. E. (2d) 510)

Court of Appeals

*Atty. Gen. T. Travis Medlock,* and *Asst. Atty. Gen. Samuel L. Wilkins, Julian H. Gignilliat* and *Vance J. Bettis,* Columbia, *for appellants.*

*J. Lewis Cromer,* Columbia, *for respondent.*

Heard Sept. 19, 1988.

Decided Oct. 31, 1988.

Refiled Nov. 14, 1988.

CURETON, Judge:

Wagdy Demian, an employee of the South Carolina Health and Human Services Finance Commission, filed a grievance with the Commission concerning a reclassification of his job position. After an adverse decision by the Commission, he appealed to the South Carolina Budget and Control Board, Division of Human Resource Management. The Di-

rector of Employee/Employer Relations for the Board determined the reclassification was not grievable. Demian appealed this decision to the circuit court. The court reversed the decision of the Board. The Commission and the Board appeal on various grounds. We affirm.[1]

## I.

The issue is Demian's right to bring a grievance. Demian was employed by the Commission as Executive Assistant of Audit and Control. In October of 1986, Demian's job position was changed to Executive Assistant for Technical Assistance and Evaluation. The Commission and Demian dispute the reason for the change. Demian claims it was a punitive action based, in part, upon his cooperation with an audit of the Commission by the Legislative Audit Council. The Commission claims the change was necessary because of potential conflicts of interest in his job.

The provisions of the State Employee Grievance Procedure Act of 1982 are codified in Sections 8-17-310 through 380, Code of Laws of South Carolina, 1976, as amended. Section 8-17-330 requires each agency to establish an internal employee grievance plan. An employee may appeal the final agency decision to the State Employee Grievance Committee which is appointed by the State Budget and Control Board. Sections 8-17-330 and 340. When an appeal is filed with the Grievance Committee, the state personnel director determines if the action is grievable to the Committee. Section 8-17-350.

In Demian's case, both the Commission and the state personnel director determined he had no grievance because his salary and grade level remained the same after the reclassification. Demian argues a punitive reclassification does not require a salary cut to be grievable. The trial court agreed with Demian's interpretation of the statutes.

Section 8-17-330 states, in part, "grievances shall include dismissals, suspensions, involuntary reassignments, and de-

---

[1] Demian filed a Motion to Supplement the Record. Supreme Court Rule 8, Section 7. The motion is denied.

motions." The term "demotion" is defined in Section 8-17-320(5) as follows:

Demotion means the assignment of an employee by the appointing authority from one established position to a different established position having a lower rate of pay. Reclassifications shall not ordinarly be deemed grievable as a demotion. However, if an allegation is made that a reclassification was punitive and the state personnel director determines that there is any material issue of fact or conclusion to be drawn from the facts of the allegation then the reclassification shall be deemed grievable.

The term "reclassification" is not defined in Section 8-17-320 but is defined in the State Budget and Control Board Regulations. Regulation 19-700YY, Code of Laws of South Carolina, 1976, as amended, defines "reclassification" as follows:

[T]he assignment of an established position in one class in a series to a higher or lower class in the same series or to a class in a different series which is the result of a natural change in duties or responsibilities of the position.

The Commission and the Board interpret Sections 8-17-320(5) and 330 to require two conditions before a reclassification is grievable. There must be a pay decrease and the action must be punitive in nature. In this case, because Demian suffered no pay decrease, they claim it is immaterial the action was punitive.[2]

The trial court correctly concluded a reduction in pay is not required for a reclassification to be grievable.

Section 8-17-320(5) identifies demotion and reclassification as different concepts. Both demotion and reclassification involve assignment to a different position. However, demotion involves, by definition, a reduction in pay. Reclassification does not necessarily involve a pay reduction. The definition in the regulation does not require the pay reduction. If a reclassificatoin is the result of a natural

---

[2] The Commission stipulated for the purpose of oral argument the reclassification was punitive.

change in duties or responsibilities of the position it is not grievable. But, a reclassification may be grievable if it is punitive. The punitive requirement denotes an improper consideration in the decision making process. Similar improper considerations may make promotions, compensation, and reductions in force grievable. Section 8-17-330, Code of Laws of South Carolina, 1976, as amended. Since Demian alleged the reclassification was punitive, the state personnel director should comply with Section 8-17-320(5) and make the required determination.

## II.

The Board also appeals from the denial of its Motion to Dismiss. The motion cited two grounds. Under Rule 12(b)(6), the Board asserted the amended appeal of Demian failed to state facts sufficient to constitute a cause of action "because Respondent Board-DHRM is not a necessary or proper party for purposes of judicial review in this matter...." The Board also asserted the amended appeal to the circuit court was not timely. The trial court denied the Board's motion finding no prejudice to the Board by its continued presence in the action.

S. C. R. Civ. P. 12(b)(6) is not applicable. Demian alleges he was denied a grievance hearing because of the rulings of the Commission and the Board. These allegations state a cause of action. The Board's real complaint is that it does not need to be a named party in Demian's appeal because it performs a quasi-judicial function. The proper motion for the Board is a motion to dismiss for misjoinder under S. C. R. Civ. P. 21. A motion to dismiss a party is addressed to the court's discretion. 3A J. Moore, J. Lucas, and G. Grotheer, *Moore's Federal Practice* Section 21.03[1] (2d ed. 1987).

An employee has a right of appeal from the final decision of the State Employee Grievance Committee. Section 8-17-340, Code of Laws of South Carolina, 1976, as amended. Demian never received a hearing before the Grievance Committee because the state personnel director determined his complaint was not grievable. This is a final decision from which Demian can appeal. An appeal to the circuit court from a final decision of the Grievance

Committee is governed by the Administrative Procedures Act. Sections 1-23-310 through 400, Code of Laws of South Carolina, 1976, as amended. *See S. C. Dept. of Mental Retardation v. Glenn,* 291 S. C. 279, 353 S. E. (2d) 284 (1987).

Under the Administrative Procedures Act, a copy of ■ the petition for judicial review is served upon the agency and all parties of record. Section 1-23-380(b). The statute does not specifically require the agency to be made a party to the petition for judicial review. The South Carolina Rules of Civil Procedure address the concepts of necessary and permissive parties and provide guidance for a determination of whether the Board should be a party. *See Owen Steel Co. Inc. v. S. C. Tax Comm.,* 281 S. C. 80, 313 S. E. (2d) 636 (Ct. App. 1984), *cert. denied,* 475 U. S. 1123, 106 S. Ct. 1643, 90 L. Ed. (2d) 188 (1986) (the question of whether the agency is a necessary party to the petition for judicial review is governed by the general rules as to parties in civil actions).

The Board is not a necessary party to the appeal. "Ordinarily, an administrative review board is not a necessary party for purposes of judicial review." *Owen Steel,* 281 S. C. at 85, 313 S. E. (2d) at 639.

S. C. R. Civ. P. 20(a) addresses permissive joinder of parties. The question of law concerning punitive reclassification appears common to the Commission and the Board. The trial court order indicates reclassification not involving a lower rate of pay are common in state government. Since the Board reviews grievances it should have an interest in the issue. Demian seeks the same relief from the Commission and Board, i.e., a hearing on his grievance. The trial court did not find any prejudice to the Board by its continued presence in the case. The record reveals no abuse of discretion by the trial court in this finding. We specifically note the State Employee Grievance Committee was a named party in the trial court in *State Department of Mental Retardation v. Glenn.*

The Board argues in its brief the appeal to the circuit court was not timely. The trial court order did not rule on this point. Further, no exception of the Board properly raises the point. This court will not address an issue not raised and ruled upon below. This court will also not address

an issue not properly preserved by exception. *Crocker v. Barr*, 295 S. C. 195, 367 S. E. (2d) 471 (Ct. App. 1988).

The decision of the circuit court is affirmed. We express no opinion on the merits of Demian's claim.

Affirmed.

GARDNER and SHAW, JJ., concur.

