22945

James T. WISE and T. Julian Branham, Respondents v. SOUTH CAROLINA TAX COMMISSION, Appellant.

(376 S. E. (2d) 262)

Supreme Court

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. John P. Wilson* and *Asst. Atty. Gen. James W. Rion,* Columbia, *for appellant.*

*J. Lewis Cromer, Cromer & Mabry,* Columbia, *for respondents.*

Submitted Nov. 15, 1988.

Decided Jan. 23, 1989.

TOAL, Justice:

In this State employee grievance matter, Messrs. Wise and Branham, employees of the South Carolina Tax Commission (Commission), filed grievances with the Commission alleging that they were reclassified for punitive reasons. The Division of Human Resource Management (DHRM) dismissed the grievance on the grounds that the reclassification was not a demotion. Wise and Branham appealed to the Circuit Court. The Honorable Larry R. Patterson reversed the decision of DHRM. We affirm.

Wise and Branham have been employed by the South Carolina Tax Commission since 1957 and 1959, respectively. Prior to September 26, 1986, both men were classified as Non-Resident Corporate Audit Supervisors. After September 26, 1986, both men's job positions were reclassified to Non-Resident Auditors III. Although reclassified, both men continued to receive the same salary. The reclassification

eliminated their supervisory responsibilities. Mr. Wise claimed that he was reclassified because he "was not one of [his] immediate supervisor's favorite people."

The Commission found that Wise and Branham's reclassification was not grievable as a demotion because neither man received a reduction in salary. DHRM concurred with the Commission's finding and dismissed the grievance. On appeal, the Circuit Court reversed DHRM's decision, and remanded the matter to the State Personnel Director.

The issue presented is whether Wise and Branham have a right to bring a grievance pursuant to S. C. Code Ann. § 8-17-330 on the grounds that their jobs were reclassified for punitive reasons. Section 8-17-330 of the State Employee Grievance Procedure Act permits an employee to file a grievance if dismissed, suspended, involuntarily reassigned or demoted. "Demotion" is defined in Section 8-17-320(5) as follows:

> "Demotion means the assignment of an employee by the appointing authority from one established position to a different established position having a lower rate of pay. Reclassification shall not ordinarily be deemed grievable as a demotion. However, *if an allegation is made that a reclassification was punitive* and the state personnel director determines that there is any material issue of fact or conclusion to be drawn from the facts of the allegation, then the classification shall be deemed grievable." (emphasis added.)

Reclassification is defined in Regulation 19-700YY as "the assignment of an established position in a series to a higher or lower class in the same series or to a class in a different series which is the result of a natural change in duties or responsibilities of the position."

Our Court of Appeals recently interpreted the statutory definition of demotion in *Demian v. S. C. Health & Human Services Finance Comm'n*, 374 S. E. (2d) 510 (S. C. Ct. App., 1988). There, the Court of Appeals reasoned that a reduction in pay, which was required to prove a demotion, need not be demonstrated for a reclassification to be grievable. In order for a reclassification to be grievable, the Court of Appeals noted that the reclassification must be punitive. Because the

State Personnel Director had not considered whether the reclassification was punitive, and thus, grievable, the Court of Appeals remanded the grievance for a factual determination.

Assenting to the reasoning and holding of *Demian*, we hold that a reclassification for punitive reasons may be grievable without a showing of a reduction in pay. We note first that a reclassification is a natural change in duties or responsibilities. For a reclassification to be grievable, the grievant must allege that the reclassification was punitive. We supplement *Demian* by further defining punitive as a change in duties or responsibilities which has a motive other than simply to reclassify. When the reclassification serves as a pretext, that is, something to conceal its true purpose or object to discipline or punish, then it is punitive. Without expressing an opinion as to the merits of this grievance, we affirm the decision of the trial judge, remand this matter to the State Personnel Director, and direct the State Personnel Director to forward the appeal to the chairman of the State Employee Grievance Committee for a hearing on the merits.

We affirm the remaining exception pursuant to South Carolina Supreme Court Rule 23.

Affirmed.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.