2469

Camille RANSOM, III, Appellant v. SOUTH CAROLINA WATER
RESOURCES COMMISSION, Respondent.
(467 S.E. (2d) 463)

Court of Appeals

*J. Lewis Cromer* and *Graig L. Berman,* both of *Cromer & Mabry,* Columbia, *for appellant.*

*Vance J. Bettis,* of *Gignilliat, Savitz & Bettis,* Columbia, *for respondent.*

Submitted Dec. 5, 1995.

Decided Feb. 20, 1996.

*Per Curiam:*

Camille Ransom, III, brought this action against his employer, the South Carolina Water Resources Commission (the Commission), under the South Carolina Whistleblower Act. (S.C. Code Ann. §§ 8-27-10-to -50 (Supp. 1995). Ransom appeals the trial judge's grant of summary judgment in favor of the Commission. We affirm.

## FACTS

Ransom was employed as a geologist by the Commission in 1976. In 1981, Ransom became the Director of the Geology-Hydrology Division. In 1986, Ransom's pay grade was reallo-

cated, which made him accountable to the Executive Director. In November 1992, the Executive Director instituted a reorganization of the commission, which changed the division structure and created two vacant director positions. Ransom was not selected for either of these positions. After the reorganization, Ransom was no longer in charge of the division. Prior to and after the reorganization, Ransom's title, classification, and pay grade remained the same.

On January 11, 1993, Ransom filed this action. In his complaint, Ransom alleged he reported and exposed mismanagement and violations of the law involving the Commission. Ransom further alleged as a result of this reporting, the Commission retaliated against him by demoting him from his division director position, threatening him with physical violence, and otherwise punishing him. Ransom claims this retaliation ultimately led to his "demotion and subsequent reassignment to a demeaning position." In terms of damages, Ransom alleged he had been forced to suffer "a loss of earnings."

The Commission moved for summary judgment on the ground that Ransom failed to exhaust his administrative remedies under the State Employee Grievance Procedure Act (S.C. Code Ann. §§ 8-17-210 to -380 (Rev. 1986 & Supp. 1995)) before commencing this action. By affidavit, the Commission produced evidence Ransom had not filed an employee grievance concerning any of the matters alleged in his complaint. The trial judge granted the Commission's motion for summary judgment, finding Ransom failed to exhaust his remedies under the State Employee Grievance Procedure Act and, as a result, was precluded from maintaining an action under the Whistleblower Act.

## STANDARD OF REVIEW

Whether the requirement that administrative remedies be exhausted may be excused is a matter within the trial judge's discretion, and his decision will not be disturbed on appeal absent an abuse of that discretion. *Hyde v. South Carolina Dep't of Mental Health*, 314 S.C. 207, 442 S.E. (2d) 582 (1994). An abuse of discretion occurs when: (1) a judge's ruling has no evidentiary support; or (2) the judge makes an error of law. *Gooding v. St. Francis Xavier Hosp.*, 317 S.C. 320, 454 S.E. (2d) 328 (Ct. App. 1995).

## DISCUSSION

### I.

#### A.

Ransom argues the trial judge erred in granting summary judgment based solely on the pleadings, which did not disclose an available administrative remedy. Ransom cites the following excerpt from the trial judge's order:

> In his complaint in this action Ransom squarely alleges that he was demoted and reassigned to a "demeaning position" in retaliation for his whistleblowing. Both a demotion and a [punitive] reassignment to a "demeaning position" are grievable under the State Employee Grievance Procedure Act. The Grievance Act explicitly enumerates "demotions" as one of the grievable personnel actions. . . . Further, the Supreme Court and the Court of Appeals have both held that a change in job duties for retaliatory or punitive reasons is grievable under the Grievance Act even if the employee suffers no reduction in salary.

The trial judge did not decide the Commission's motion for summary judgment based solely on the pleadings. In his order, the trial judge stated:

> This matter is before the court on defendant South Carolina Water Resources Commission's *motion for summary judgment. . . . Upon consideration of the record and the written and oral argument of counsel*, the court has concluded that the motion should be granted (emphasis added).

In addition, the order makes reference to the deposition testimony of one of the Commission's witnesses. Clearly, in ruling on the Commission's motion for summary judgment, the trial judge looked beyond the pleadings.

#### B.

Ransom also argues the allegations in his complaint failed to conclusively establish the existence of an administrative remedy. Specifically, Ransom argues that neither "demotion" nor "reassignment to a demeaning position," both allegations in his complaint, established an administrative remedy within

the State Employee Grievance Procedure Act.

The State Employee Grievance Procedure Act states in part:

> As used in this article, grievances shall include dismissals, suspensions, involuntary reassignments, and demotions.

S.C. Code Ann. § 8-17-330 (Rev. 1986 & supp. 1995). The term "demotion" is defined in S.C. Code Ann. § 8-17-320(5) (Rev. 1986), which provides in part:

> "Demotion" means the assignment of an employee by the appointing authority from one established position to a different established position *having a lower rate of pay* (emphasis added).

Based on this statutory definition, Ransom argues that in his complaint, he only alleged he was demoted for his whistleblowing activities, but did not receive a lower rate of pay; therefore, his "demotion" was not grievable under the State Employee Grievance Act.

In considering the motion for summary judgment, the record contains Ransom's deposition in which he stated he thought he was being demoted after the reorganization. However, Ransom also stated his salary remained the same after the demotion. Ransom also remained at the same title and classification. Ransom's allegation of "a loss of earnings" amounts to a request for future damages. If Ransom had attempted to exhaust his administrative remedies under the State Employee Grievance Procedure Act, his alleged "demotion" without "a lower rate of pay" would not have been grievable under the statutory definition of "demotion."

However, Ransom also asserted in his complaint that the retaliation of the Commission ultimately led to his "reassignment to a demeaning position in the agency." Ransom argues that "reassignment to a demeaning position" does not amount to a grievable reclassification. Thus, Ransom argues the trial judge erred in finding this allegation established an administrative remedy.

In the Order, the trial judge found that "a [punitive] reassignment to a 'demeaning position'" was grievable under the State Employee Grievance Act. The court relied on *Wise v.*

*South Carolina Tax Comm'n,* 297 S.C. 239, 376 S.E. (2d) 262 (1989) and *Demian v. South Carolina Health and Human Services Finance Comm'n,* 297 S.C. 1, 374 S.E. (2d) 510 (Ct. App. 1988). The trial judge stated that these cases held "that a change in job duties for retaliatory or punitive reasons is grievable under the Grievance Act even if the employee suffers no reduction in salary."

In the State Employee Grievance Procedure Act, Section 8-17-320(5) (Rev. 1986) states:

> Reclassifications shall not ordinarily be deemed grievable as a demotion. However, if an allegation is made that a reclassification was punitive and the state personnel director determines that there is any material issue of fact or conclusion to be drawn from the facts of the allegation then the classification shall be deemed grievable.

In defining reclassification, 23A S.C. Code Ann. Regs. 19-700(YY) (1976) provides:

> [Reclassification is] the assignment of an established position in one class in a series to a higher or lower class in the same series or to a class in a different series which is the result of a natural change in duties or responsibilities of the position.

In *Demian* the Court held reclassification does not necessarily involve a reduction in pay. 297 S.C. at 4, 374 S.E. (2d) at 511. the court stated, "[i]f a reclassification is the result of a natural change in duties or responsibilities of the position it is not grievable. But, a reclassification may be grievable if it is punitive." *Id.* at 4-5, 374 S.E. (2d) at 511. The supreme court in Wise supplemented Demian by defining punitive "as a change in duties or responsibilities which has a motive other than simply to reclassify." *Wise,* 297 S.C. st 242, 376 S.E. (2d) at 264. The court concluded "[w]hen the reclassification serves as a pretext, that is, something to conceal its true purpose or object to discipline or punish, then it is punitive." *Id.*

At the time this cause of action was filed, January 11, 1993, neither the courts nor the legislature had addressed whether a "reassignment" without a reduction in pay was a grievable action. Although the State Employee Grievance Procedure Act specifically defined and provided a grievance for an "involun-

tary reassignment," it did not define or specifically provide for the type of reassignment alleged in Ransom's complaint.[1]

Thus, under *Wise* and *Demian*, Ransom's punitive "reassignment to a demeaning position" without a reduction in pay was similar to a punitive reclassification and properly considered a grievable action under the State Employee Grievance Procedure Act.[2]

## II.

Ransom asserts the trial judge erred in dismissing his claims alleging harassment and other punishment because there is no available administrative remedy for these claims. We find no error. Ransom alleged as a result of his whistleblowing activities he had been "threatened [with] physical violence, isolated, intimidated, discouraged, humiliated, berated, ridiculed, and otherwise punished." Ransom argues these actions are not grievable under the State Employee Grievance Procedure Act, and thus he cannot exhaust his administrative remedies. We disagree. In *Hyde v. South Carolina Dep't of Mental Health*, 314 S.C. 207, 442 S.E. (2d) 582 (1994), an employee brought an action under the pre-amendment Whistleblower Statute against the South Carolina Department of Mental Health.[3] The Department raised as a de-

---

[1] S.C. Code Ann. § 8-17-320(9) (Rev. 1986) defines "involuntary reassignment" as:

the movement of an employee's principal place of employment in excess of fifteen miles from the prior work station at the initiative of the agency. The transfer of an employee by an agency in excess of fifteen miles from the prior work station to the nearest facility with an available position of comparable status for which he is qualified shall not be considered involuntary reassignment.

[2] Effective June 21, 1993, after the filing of this action, the legislature amended S.C. Code Ann. § 8-17-330 (Supp. 1995) to provide in part:

As used in this article, grievances shall include dismissals, suspensions, involuntary reassignment, and demotions. *Reclassifications, reassignments, and transfers to the same pay grade are not considered grievances* (emphasis added).

We make no findings regarding whether punitive reclassifications, grievable under *Wise, Demian,* and Section 8-17-320(5) remain grievable after the amendment to Section 8-17-330.

[3] In *Hyde* the court stated in a footnote the Whistleblower Statute was subsequently amended to expressly provide that an employee seeking to bring a whistleblower action must exhaust all available grievance or other administrative remedies. *Hyde,* — S.C. at —, 442 S.E. (2d) at 583, n. 2. The court found this amendment supported its conclusion that administrative remedies must be exhausted. *Id.*

fense that Hyde had failed to exhaust his administrative remedies available under the State Employee Grievance Act. The trial judge granted Hyde's motion to strike this defense. The Department appealed. In reversing the trial judge, the supreme court found the trial judge abused his discretion in finding as a matter of law that Hyde did not have to exhaust his administrative remedies simply because the Whistleblower Statute did not expressly require it. The court held where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts.

Although *Hyde* was heard on appeal based on a motion to strike, we find it clearly addressed the merits and set forth the rule which requires an employee to exhaust his administrative remedies under the State Employee Grievance Act before pursuing a cause of action under the Whistleblower Act. In this case, the trial judge determined a punitive "reassignment to a demeaning position" constituted a grievable action under the State Employee Grievance Procedure Act. In light of *Hyde*, Ransom was required to exhaust his administrative remedies for this grievable action before seeking redress for his alleged non-grievable actions under the Whistleblower Act.

### III.

Ransom argues the trial judge either lacked authority or erred in refusing to exercise his discretion on the issue of whether to excuse the failure to exhaust. We find no error. Whether the rule requiring administrative remedies to be exhausted should be excused is a matter within the trial judge's sound discretion and his decision will not be disturbed on appeal absent an abuse thereof. *Hyde v. South Carolina Dep't of Mental Health*, 314 S.C. 207, 442 S.E. (2d) 582 (1994). The trial judge found Ransom had a grievable action under the State Employee Grievance Procedure Act and was required to exhaust his remedies prior to seeking redress under the Whistleblower Statute. *Hyde* does not require the trial judge to determine whether the complainant has an excuse for the failure to exhaust administrative remedies. We find the trial judge did not abuse his discretion.

## IV.

Finally, Ransom asserts even if he suffered a grievable action, the Administrative Procedures Act (APA) excused the alleged failure to exhaust his administrative remedies. We disagree. This issue was not raised in Ransom's response to the Commission's motion for summary judgment, in the order, or in Ransom's motion to alter or amend the judgment, pursuant to Rule 59, SCRCP. An appellate court cannot address an issue unless it was raised to and ruled upon by the trial court. *Smith v. Phillips*, — S.C. —, 458 S.E. (2d) 427 (1995).

Accordingly, for the foregoing reasons, the order of the circuit court is

Affirmed.

HOWELL, C.J., and GOOLSBY and HEARN, JJ., concur.