543 S.E.2d 547

Victor EVANS, individually and on behalf of all others similarly situated, Appellants/Respondents,

v.

The STATE of South Carolina; South Carolina State Retirement System; Retirement System for Judges and Solicitors of the State of South Carolina; Retirement System for Members of the General Assembly of the State of South Carolina; South Carolina Police Officers' Retirement System; South Carolina Department of Revenue; and South Carolina Budget and Control Board, Respondents/Appellants.

No. 25260.

Supreme Court of South Carolina.

Heard Jan. 10, 2001.

Decided March 12, 2001.

John M.S. Hoefer and Paige J. Gossett, of Willoughby & Hoefer, P.A., and A. Camden Lewis, of Lewis, Babcock & Hawkins, L.L.P., of Columbia, for appellants/respondents.

Vance J. Bettis, of Gignilliat, Savitz & Bettis, L.L.P., for respondents/appellants; Joseph D. Shine, Edwin E. Evans, and Anne Macon Flynn, for Respondent/Appellant South Carolina State Budget and Control Board; Harry T. Cooper, Jr., Ronald W. Urban, and Sarah G. Major, for Respondent/Appellant South Carolina Department of Revenue; Stephen R. Van Camp for Respondents/Appellants South Carolina State Retirement System, Retirement System for Judges and Solicitors of the State of South Carolina, Retirement System for Members of the General Assembly of the State of South Carolina and the South Carolina Police Officers' Retirement System, all of Columbia.

BURNETT, Justice:

This case presents cross-appeals from the order of the circuit court denying, in part, and granting, in part, respondents/appellants' motion to dismiss. We reverse.

### FACTS

In *Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989), the United States Supreme Court held the doctrine of intergovernmental immunity and 4 U.S.C. § 111 (1997) prohibit the states from taxing federal government retirees at a greater rate than state and local government retirees are taxed. *Davis* held states could cure the infirmity "either by extending the tax exemption to retired federal employees (or to all retired employees), or by eliminating the tax exemption for retired state and local government employees." *Id.* at 818, 109 S.Ct. 1500.

Prior to *Davis*, state retirement benefits in South Carolina were fully exempt from taxation while only the first three thousand dollars of federal retirement benefits were exempt from taxation. In response to *Davis*, the General Assembly deleted the full tax exemption, rendering state retirement benefits in excess of three thousand dollars taxable. Act No. 189, Part II, § 39, 1989 S.C. Acts 1436 (Act 189). In addition, the General Assembly increased the pension benefits for state retirees by 7% to offset the increased tax liability resulting from the lost exemption. Act No. 189, Part II, § 60, 1989 S.C. Acts 1436.[1]

Appellants/Respondents Evans and all others similarly situated (State Retirees) brought this declaratory judgment action in circuit court against Respondents/Appellants the State of South Carolina, the various State Retirement Systems, the Department of Revenue (DOR), and the Budget and Control Board (the State) alleging a cause of action for breach of contract and causes of action challenging the constitutionality of Act 189.[2] State Retirees also seek an injunction against

1. Act 189 is codified in parts of the various Retirement Code provisions at South Carolina Code Ann. § 9–1–1680 (State Employees), § 9–8–190 (Judges and Solicitors), § 9–9–180 (General Assembly Members), and § 9–11–270 (Police Officers) (Supp.2000).

2. Specifically, State Retirees allege a violation of United States Constitution Article I, § 10 (impairment of contract) and the Fifth and Fourteenth Amendments to the United States Constitution (taking of property without just compensation and in violation of due process). Additionally, they allege violations of South Carolina Constitution Article I, § 4 (impairment of contract), Article I, § 13 (taking of property without just compensation), Article X, § 5 (tax levied without distinctly

future imposition of state income taxes on their retirement benefits and damages in the form of an income tax refund for state income taxes paid on their retirement benefits.

The State filed a motion to dismiss. The trial judge denied the motion insofar as the State claimed the action should be dismissed because State Retirees failed to pursue their administrative remedies under the Revenue Procedures Act. S.C.Code Ann. §§ 12–60–10 to –3390 (2000). However, concluding State Retirees had no contractual or property right in a tax exemption, the trial judge granted the State's motion to dismiss for failure of the complaint to state facts sufficient to constitute a cause of action for breach of contract, contract clause impairment, and takings. The parties filed cross-appeals.

## ISSUES

I.   Did the trial judge err by denying the State's motion to dismiss on the ground State Retirees failed to pursue their administrative remedies in accordance with the Revenue Procedures Act?

II.   Did the trial judge err by deciding a novel issue on a motion to dismiss?

III.   Did the trial judge err by ruling State Retirees have neither a contractual right nor a property interest in the full tax exemption of their retirement benefits?

## DISCUSSION

### I.

■   The State argues the trial judge erred by denying its motion to dismiss on the ground State Retirees failed to pursue their administrative remedies in accordance with the Revenue Procedures Act. We agree.

In two provisions, the South Carolina Constitution states:

---

stating object), and Article V, § 16 (diminishing compensation for judges) (1976 and Supp.2000).

The General Assembly may direct, by law, in what manner claims against the State may be established and adjusted.

S.C. Const. art. X, § 10; S.C. Const. art. XVII, § 2.

Section 12–60–80 of the Revenue Procedures Act provides: "[t]here is no remedy other than those provided in this chapter in any case involving the illegal or wrongful collection of taxes, or attempt to collect taxes." It further specifies, "[i]f a taxpayer brings an action covered by this chapter in circuit court, other than an appeal of an [Administrative Law Judge] decision . . ., the circuit court shall dismiss the case without prejudice." § 12–60–3390.

The Revenue Procedures Act establishes administrative procedures for taxpayers who claim a refund of any state tax. After a claim is filed with the DOR, the appropriate DOR division determines what refund, if any, is due. § 12–60–470(A) and (D). The taxpayer may appeal the division's decision to the DOR by filing a protest. § 12–60–470(E). If the DOR makes a determination adverse to the taxpayer, the taxpayer may request a contested case hearing before the Administrative Law Judge Division. § 12–60–470(F). If the case either raises constitutional issues or does not qualify as a "small claims case" under § 12–60–520 [cases in which no more than $10,000 is in controversy], the Administrative Law Judge Division's decision may be appealed to the circuit court. § 12–60–3380.

State Retirees argue it would have been futile to pursue the administrative remedies provided by the Revenue Procedures Act because neither the DOR nor an Administrative Law Judge (ALJ) could rule on the merits of their claims. More particularly, State Retirees assert their constitutional causes of action are challenges to the facial validity of Act 189, claims which the separation of powers doctrine precludes executive branch officers from determining, not a request for a tax refund.

This Court recently addressed a similar issue. In *Ward v. State*, 343 S.C. 14, 538 S.E.2d 245 (2000), federal government retirees brought a declaratory judgment action also challenging the constitutionality of Act 189. The federal retirees asserted § 60 of Act 189, which increased the state retiree

benefits to offset the elimination of the full tax exemption in § 39, violated the doctrine of intergovernmental immunity.

Recognizing the separation of powers doctrine prohibits an agency and ALJ from ruling on the constitutionality of a statute, we concluded § 12–60–3390 was inapplicable "where the sole issue [was] whether a statute or other legislative action is constitutional." *Id.*, 343 S.C. at 20, 538 S.E.2d at 248. *See Video Gaming Consultants, Inc. v. South Carolina Dep't of Revenue*, 342 S.C. 34, 535 S.E.2d 642 (2000) (if only issue is a constitutional challenge to a statute, party should seek declaratory judgment from circuit court rather than ALJ). The Court concluded the federal retirees were not required to exhaust their administrative procedures under the Revenue Procedures Act because the issue under consideration was the facial constitutionality of Act 189. The Court noted, however, "an agency or ALJ can still rule on whether a party's constitutional rights have been violated ... Merely asserting an alleged constitutional violation will not allow a party to avoid an administrative ruling." *Ward*, 343 S.C. at 18, 538 S.E.2d at 247.

The DOR and the ALJ division have authority to rule on State Retirees' constitutional claims. As specified in their complaint, the class of persons whom State Retirees intend to represent are those persons employed by the State, its political subdivisions, and agencies before June 8, 1989. While State Retirees assert they are challenging the facial validity of Act 189, in actuality they are only challenging Act 189 as it applies to a limited class of state employees, not the constitutionality of Act 189 as a whole. Pursuant to *Ward*, the DOR and ALJ Division have authority to rule on State Retirees' constitutional claims.[3]

Moreover, State Retirees' position is that they are entitled to full tax exemption of their retirement benefits and, therefore, the DOR illegally or wrongfully collected excess taxes from them. This is precisely the type of action the General Assembly mandated must be remedied by the DOR. § 12–60–80 (only remedy involving illegal or wrongful collection of taxes is under the Revenue Procedures Act).

---

3. The Revenue Procedures Act itself recognizes constitutional claims may be presented to the DOR and the ALJ division. *See* § 12–60–3380.

Additionally, State Retirees contend requiring them to comply with administrative procedures would deprive them of their constitutional right to a jury trial on their breach of contract action.[4] We disagree.

■ In their breach of contract cause of action, State Retirees assert the various Retirement Systems breached their contracts with them by unilaterally reducing the amount of tax exemption on their retirement benefits.[5] *Assuming* there is a contract between the Retirement System and State Retirees and that the full tax exemption is a part of that contract, the Retirement Systems cannot be liable for the alleged breach because it was impossible for Retirement Systems to perform under the contract's terms once Act 189 became law. *Hawkins v. Greenwood Dev. Corp.*, 328 S.C. 585, 493 S.E.2d 875 (Ct.App.1997) (party to a contract must perform its obligations under the contract unless its performance is rendered impossible by an act of God, *the law*, or by a third party). Since State Retirees do not have a viable breach of contract action, pursuing their action through the administrative process does not violate their right to a jury trial.

We conclude the DOR has the jurisdiction and authority to rule on State Retirees' constitutional claims. Since State Retirees failed to follow the administrative procedures established by the Revenue Procedures Act, the circuit court erred by denying the State's motion to dismiss as required by § 12–60–3390 for State Retirees' failure to exhaust their administrative remedies. *Hyde v. South Carolina Dep't of Mental Health*, 314 S.C. 207, 442 S.E.2d 582 (1994) (where there was no excuse for failing to exhaust administrative remedies, trial judge abused his discretion in finding plaintiff did not have to exhaust his administrative remedies).

## II.

■ State Retirees argue the trial judge erred by deciding a novel issue, whether by passing Act 189 the General Assem-

---

**4.** "The right of trial by jury shall be preserved inviolate." S.C. Const. art. I, § 14.

**5.** At oral argument, State Retirees' counsel conceded the breach of contract action was against the various Retirement Systems and the remaining causes of action were against the other defendants.

bly impaired their contracts with the Retirement Systems or took their property without just compensation, on a Rule 12(b)(6), SCRCP, motion to dismiss. We agree.

As a general rule, important questions of novel impression should not be decided on a Rule 12(b)(6), SCRCP, motion to dismiss. Instead, a novel issue is best decided in light of the testimony to be adduced at trial. *Tyler v. Macks Stores of South Carolina, Inc.,* 275 S.C. 456, 272 S.E.2d 633 (1980). However, where the dispute is not as to the underlying facts but as to interpretation of the law, and development of the record will not aid in the resolution of the issues, it is proper to decide even novel issues on a motion to dismiss for failure to state a claim. *Brown v. Theos,* 338 S.C. 305, 526 S.E.2d 232 (Ct.App.1999).

We find the trial judge erred by dismissing State Retirees' constitutional impairment of contract and takings causes of actions on the State's Rule 12(b)(6), SCRCP, motion to dismiss. *Assuming* State Retirees have either a contract right or a property interest in the full tax exemption of their retirement benefits, had the action proceeded to trial, the circuit court could have considered whether State Retirees' contract had been substantially impaired or their property taken without just compensation in violation of the federal and state constitutions. *See generally U.S. Trust Co. of New York v. New Jersey,* 431 U.S. 1, 97 S.Ct. 1505, 52 L.Ed.2d 92 (1977) (in considering contract clause claim, court must ascertain, among others, whether the State law has in fact operated as a *substantial* impairment of a contractual relationship); *Hodges v. Rainey,* 341 S.C. 79, 533 S.E.2d 578 (2000) (same); *Seaboard Air Line Ry. v. United States,* 261 U.S. 299, 304, 43 S.Ct. 354, 67 L.Ed. 664 (1923) ("[T]he compensation to which the owner is entitled is the full and perfect equivalent of the property taken."); *South Carolina Dep't of Transp. v. Faulkenberry,* 337 S.C. 140, 522 S.E.2d 822 (Ct.App.1999) (same). Testimony may have revealed Act 189's 7% increase in retirement benefits fairly offset any financial loss to State Retirees resulting from Act 189's deletion of the full tax exemption for state retirement benefits. Consequently, we find the trial

judge erred by dismissing the novel issue presented by this case on a motion to dismiss.

## III.

State Retirees appeal the trial judge's decision granting the State's Rule 12(b)(6), SCRCP, motion to dismiss for failure to state a claim upon which relief can be granted. State Retirees assert the trial judge erred by ruling the Retirement Code does not constitute a contract (including a provision for a full tax exemption) between the Retirement Systems and their members and, alternatively, that State Retirees do not have a property right in the full tax exemption which cannot be taken from them without just compensation and without due process of law.[6]

Since we have determined State Retirees' claims should have first been considered by the DOR as part of the administrative process and, further, the trial judge should not have dismissed State Retirees' complaint on a Rule 12(b)(6), SCRCP, motion to dismiss, we decline to rule on the underlying merits of State Retirees' appeal of the dismissal of their complaint. In keeping with this decision, we reverse that portion of the trial court order denying the State's motion to dismiss and vacate the remaining portion of the order which dismissed State Retirees' complaint on its merits.

The circuit court's order is **REVERSED.** This case is **REMANDED** to the circuit court to enter an order dismissing State Retirees' complaint without prejudice. § 12–60–3390.

MOORE, Acting Chief Justice, WALLER, J., and Acting Justices H. SAMUEL STILWELL and WILLIAM L. HOWARD, concur.

---

6. State Retirees have not appealed the trial judge's dismissal of their South Carolina Constitution Article X, § 5 and Article V, § 16 causes of action.