HILL, J.:
**581 In this declaratory judgment action, the South Carolina Property and Casualty Insurance Guaranty Association ("Association")
**582 appeals the circuit court's grant of CompTrustAGC of South Carolina, Inc.'s ("CompTrust") motions to quash discovery and be dismissed as a party. We reverse, finding CompTrust's dismissal improper.
I.
The Association is a nonprofit entity created by the South Carolina Property and Casualty Insurance Guaranty Association Act ("Guaranty Act"), §§ 38-31-10 to -170 of the South Carolina Code (2015), which controls the Association's duties, liabilities, and obligations. The Association, in statutorily prescribed circumstances, protects insureds of insolvent insurance carriers. S.C. Code Ann. § 38-31-60 (2015) ; S.C. Prop. & Cas. Ins. Guar. Ass'n v. Carolinas Roofing and Sheet Metal Contractors Self-Ins. Fund , 315 S.C. 555, 557, 446 S.E.2d 422, 424 (1994). The Association must "pay covered claims to the extent of the [A]ssociation's obligation and deny all other claims ...." S.C. Code Ann. § 38-31-60(d) (2015). As we will see, what constitutes a "covered claim" as defined by § 38-31-20(8) is the core of this case.
All insurers who write insurance to which the Act applies must become members of the Association. S.C. Code Ann. §§ 38-31-20(11), 40 (2015). The Association is funded by member assessments, which are passed on to *144 consumers in the form of increased premiums. S.C. Code Ann. § 38-31-60(c) (2015).
CompTrust was created in 1982 as a South Carolina unincorporated business trust and operated as a self-insurance trust, providing workers' compensation coverage to its self-insured members ("Self-Insured Coverage"). Self-insured organizations such as CompTrust are not subject to the Guaranty Act, are not members of the Association, and pay no assessments to it.
CAGC Insurance Company ("CAGC") is a North Carolina insurance company established in 2007 by some of CompTrust's principals. In 2008, CAGC became a licensed insurer in South Carolina and began issuing South Carolina workers' compensation liability insurance policies to prior participants in CompTrust. CAGC was a member of the Association and **583 paid assessments to the Association based on the policies it issued.
On December 28, 2010, CompTrust and CAGC executed a Self-Insurance Loss Portfolio Transfer Assumption Agreement (the "LPT Agreement"), wherein, inter alia , CompTrust paid $3,586,527.01 for CAGC to assume all of CompTrust's liabilities on approximately seventy active workers' compensation claims arising out of the Self-Insured Coverage ("Transferred Claims"). The LPT Agreement was approved by the South Carolina Workers Compensation Commission and the North Carolina Department of Insurance. CompTrust voluntarily dissolved on April 1, 2011.
On November 30, 2011, less than a year after execution of the LPT Agreement, the South Carolina Department of Insurance ("Department") determined CAGC was financially unsound. On January 18, 2012, the Department suspended CAGC's authority to transact insurance business in South Carolina. Also in January 2012, CAGC was placed into receivership in North Carolina. On January 6, 2014, a North Carolina court declared CAGC insolvent.
On January 17, 2014, Raymond G. Farmer, Director of Department, petitioned the Richland County Circuit Court to commence this ancillary receivership for CAGC in South Carolina. That court appointed Farmer the Ancillary Receiver of CAGC.
As a result of CAGC's insolvency, claims made by South Carolina workers' compensation claimants against CAGC were brought to the Association. The Association agrees the Guaranty Act requires it to pay claims submitted under policies issued by CAGC, but disputes its obligation to continue paying the Transferred Claims, i.e. those arising under the Self-Insured Coverage provided by CompTrust prior to the LPT Agreement.
To resolve responsibility for the disputed Transferred Claims, the Association moved to intervene in the ancillary receivership, and join CAGC, the Ancillary Receiver, and CompTrust as parties to seek a declaratory judgment as to the Association's responsibility under the Guaranty Act. On June 9, 2014, the Association's motion for joinder and intervention was granted, and service of the declaratory judgment **584 action on CAGC, the Ancillary Receiver, and CompTrust was authorized.
While discovery was proceeding, CompTrust filed a motion to quash pursuant to Rule 26(c), SCRCP, and a motion to dismiss based on Rules 12(b) and 21. Meanwhile, the Association moved for summary judgment, claiming the Transferred Claims could not be considered covered claims under § 38-31-20(8) as they were: (1) initially claims against a self-insured entity and not a direct insurer obligated to pay into the Association's fund; and (2) they constituted "insurance written on a retroactive basis" to cover claims "known to the insurer at the time the insurance is bound" pursuant to § 38-31-30(6).
After hearing arguments, the circuit court issued an order granting CompTrust's motions to quash discovery and be dismissed from the action, and denying the Association's motion for summary judgment. The circuit court found: (1) the motions raised novel issues, including whether an unincorporated business trust can be sued after it has voluntarily dissolved, (2) any claims against CompTrust relating to the LPT Agreement were barred by the statute of limitations, (3) CompTrust's dissolution rendered any grant of effectual relief against CompTrust or its shareholders impossible, and (4) the Association's *145 complaint asserted no cause of action or prayer for relief against CompTrust. It further ruled that, because CompTrust did not retain any records regarding the transferred claims, "neither the argument nor the resolution of the legal question presented in the Complaint would be prejudiced if [CompTrust] were dismissed as a party."
In denying the Association's motion for summary judgment, the circuit court found the Transferred Claims were "covered claims," therefore the Association was responsible for their payment. The Association did not-and could not-appeal this interlocutory ruling. Ballenger v. Bowen , 313 S.C. 476, 477-78, 443 S.E.2d 379, 380 (1994) ("A denial of a motion for summary judgment decides nothing about the merits of the case [and] does not establish the law of the case ... [t]herefore, an order denying a motion for summary judgment is not appealable.").
The Association now appeals the grant of CompTrust's motions to quash discovery and be dismissed as a party.
**585 II.
Initially, CompTrust contends the Association's appeal is untimely because the Association did not serve the presiding judge with a copy of its Rule 59(e), SCRCP, motion. In the alternative, CompTrust argues the Association's arguments on appeal are barred by the two issue rule because it did not appeal the circuit court's finding that the service failure independently warranted dismissal of the Rule 59(e), SCRCP, motion. CompTrust's timeliness argument was answered by Gallagher v. Evert , 353 S.C. 59, 63, 577 S.E.2d 217, 219 (Ct. App. 2002) ("There is no indication that the failure to transmit a copy of the [ Rule 59(e), SCRCP, motion] to the circuit court affects the tolling provision of Rule 203(b)(1), SCACR. Therefore, the time for filing the notice of appeal did not begin to run until after the circuit court denied the motion ...."). We likewise find CompTrust's reliance on the two issue rule meritless. See, e.g. , Jones v. State , 382 S.C. 589, 594, 677 S.E.2d 20, 22 (2009)abrogated on other grounds by Smalls v. State , 422 S.C. 174, 810 S.E.2d 836 (2018) (evaluating the merits of the State's appeal, despite the PCR judge's dismissal of the State's motion for reconsideration for failure to comply with Rule 59(g), SCRCP ).
III.
We next consider the propriety of using Rule 21, SCRCP, to dismiss CompTrust. A motion to dismiss a party under Rule 21, SCRCP, is addressed to the court's discretion. Demian v. S.C. Health & Human Servs. Fin. Comm'n , 297 S.C. 1, 5, 374 S.E.2d 510, 512 (Ct. App. 1988). Rule 21, SCRCP, provides:
Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.
Because few South Carolina decisions have interpreted our Rule 21, and none to any degree pertinent here, we look to federal cases construing their almost identical Rule 21. Like many of the Federal Rules of Civil Procedure, Rule 21 was **586 designed to remove the traps of common law pleading, where a slight procedural misstep like misjoinder could doom the entire action. 7 Wright & Miller, Federal Practice and Procedure § 1681 (3d ed.). Rule 21 should be viewed by the company it keeps; its neighbors, Rules 17, 19, and 20, are provisions that also tell us who are proper parties. Taken together, these rules " 'evidence the general purpose ... to eliminate the old restrictive and inflexible rules of joinder designed for a day when formalism was the vogue and to allow joinder of interested parties liberally to the end that an unnecessary multiplicity of actions thus might be avoided.' " Id. (quoting Soc'y of European Stage Authors & Composers v. WCAU Broad. Co. , 1 F.R.D. 264, 266 (E.D. Pa. 1940) ). Although Rule 21 does not define misjoinder, "[t]he cases make it clear that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)." 7 Wright & Miller, FederalPractice and Procedure § 1683 (3d ed.). As to joining parties as defendants, Rule 20(a), SCRCP, states: *146 "All persons may be joined in one action as defendants if there is asserted against them ... any right to relief in respect of or arising out of the same transaction, occurrence ... and if any question of law or fact common to all defendants will arise in the action." Misjoinder therefore "occurs when there is no common question of law or fact or when ... the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction." DirecTV, Inc. v. Leto, 467 F.3d 842, 844 (3d Cir. 2006) ; see also Demian , 297 S.C. at 6, 374 S.E.2d at 512 (finding no abuse of discretion when the circuit court denied a defendant's motion to be dismissed for misjoinder when a common question of law applied to all defendants).
It appears the circuit court was persuaded CompTrust was misjoined not because CompTrust had no connection to the factual or legal issues in the action, but because it had been dissolved. As the circuit court pointed out, whether an unincorporated business trust can be sued after it has voluntarily dissolved is a novel question in South Carolina. We do not believe it was within the court's discretion to answer this question of first impression with no factual record while ruling upon a Rule 21 motion. Motions to dismiss are no place for novelty. See generally Evans v. State , 344 S.C. 60, 68, 543 S.E.2d 547, 551 (2001).
**587 The circuit court also noted the Association asserted no claim of relief against CompTrust. The Association added CompTrust as a party to its complaint for declaratory relief. We find this meets the "right to relief" necessary for proper joinder under Rule 20, SCRCP ; after all, the Declaratory Judgment Act commands that "[w]hen declaratory relief is sought all persons shall be made parties who have or claim any interest which would be affected by the declaration ...," and empowers courts to "declare rights, status and other legal relations whether or not further relief is or could be claimed." S.C. Code Ann. §§ 15-53-20, 80 (2005). Dismissing CompTrust at this early stage of the lawsuit jeopardizes the judicial economy Rule 21 and the Declaratory Judgment Act strive to foster.
The circuit court further found the three year statute of limitations for breach of contract actions barred any recovery against CompTrust. It reasoned the clock began running at the latest in 2009, when the last policy relating to the Transferred Claims was issued. Although joinder of a party does not remove a statute of limitations defense, see Andrews v. Lakeshore Rehab. Hosp. , 140 F.3d 1405, 1408 (11th Cir. 1998), a motion to dismiss on such grounds is properly brought pursuant to Rule 12(b)(6) rather than Rule 21, SCRCP. Nevertheless, we find the circuit court mischaracterized the Association's declaratory judgment action. The Association is not suing CompTrust for breach of an insurance policy; it brought a declaratory judgment action to determine who is responsible for paying claims presented to it pursuant to the Guaranty Act. The Guaranty Act is triggered-and the statute of limitations begins to run-when a claim arising under a policy issued by an insurer who has become insolvent is attempted to be transferred to the Association, not when the insurer issued the policy. Otherwise an insurer could unilaterally burden the Association and its members with all of its claims, covered and non-covered, simply by becoming insolvent more than three years after the last policy was issued.
The Guaranty Act directs that the Association "shall investigate claims brought against the association and adjust, compromise, settle, and pay covered claims to the extent of the association's obligation and deny all other claims ...." S.C. Code Ann. § 38-31-60(d)(2015). The Association contends this directive, together with section 38-31-60(l), which authorizes it **588 to "perform any other acts necessary or proper to effectuate the purpose of [the Guaranty Act]," allows it to scrutinize the LPT Agreement, an endeavor that would be impaired by CompTrust's absence. We agree, and find the circuit court erred in dropping CompTrust from the Association's declaratory judgment action under Rule 21, SCRCP.
IV.
To the extent the Association's action against CompTrust was dismissed pursuant *147 to Rule 12(b)(6) for failure to state a claim, we find this was also error. In deciding a Rule 12(b)(6) motion, the court looks only at the complaint and, taking the facts alleged as true and construing all reasonable inferences and doubts in plaintiff's favor, asks whether the complaint would entitle the plaintiff to relief under any theory. Doe v. Marion , 373 S.C. 390, 395, 645 S.E.2d 245, 247-48 (2007).
We find the Association's complaint states a valid claim. A cause of action under the Declaratory Judgment Act is established by showing the existence of a justiciable controversy, defined as "a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute or difference of a contingent, hypothetical or abstract character." Power v. McNair, 255 S.C. 150, 154, 177 S.E.2d 551, 553 (1970). The Association has alleged a real and substantial controversy concerning whether the Guaranty Act obligates it to pay the Transferred Claims. Resolution of this dispute turns on whether the claims meet § 38-31-20(8)'s definition of "covered claims." The Association's complaint is therefore the precise type of concrete controversy the Declaratory Judgment Act contemplates, as it invites a party affected by a statute to ask a court to define how the statute impacts the party's rights. S.C. Code Ann. § 15-53-30 (2005).
It appears the dismissal order was based on a belief that CompTrust's voluntary dissolution shielded it from being sued at all or, alternatively, any suit would be futile. As we have noted, a voluntarily dissolved business trust's amenability to suit may be a novel issue, which should not be decided on a motion to dismiss when further facts might add form and structure. Evans , 344 S.C. at 68, 543 S.E.2d at 551. As T.S. Eliot said: it is easy to carve a goose when there are no bones.
**589 We also find it was premature to toss out CompTrust on grounds of futility given the Associations' argument concerning an employer's residual liability under § 42-1-150 of the South Carolina Code (2015). Finally, as to the circuit court's finding that further pursuit of CompTrust would be fruitless because CompTrust retained no records, we discern no basis for this finding from the face of the complaint.
V.
We hold CompTrust was improperly dismissed from the Association's declaratory judgment action, and reverse the grant of CompTrust's motions to quash discovery and be dismissed under Rules 12(b) and 21, SCRCP.
REVERSED AND REMANDED.
LOCKEMY, C.J., and HUFF, J., concur.