**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert DeCiero, Appellant,

v.

Horry County, State of South Carolina, Respondent.

Appellate Case No. 2016-002175

———————

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-433
Submitted September 1, 2018 – Filed December 5, 2018

———————

**REVERSED AND REMANDED**

———————

Thomas C. Brittain, of The Brittain Law Firm, P.A., of
Myrtle Beach, for Appellant.

Elise Freeman Crosby, of Crosby Law Firm, LLC, of
Georgetown, for Respondent.

———————

**HILL, J.:** Robert DeCiero, a resident of Long Bay Estates Subdivision (Long Bay) in Myrtle Beach, filed a complaint against Horry County (the County) claiming the County was not enforcing zoning ordinances that he contends prevent property owners in the subdivision from renting their homes to multi-family groups. The circuit court dismissed his case under Rule 12(b)(6), SCRCP, finding

(1) his complaint was deficient under Rule 8(a), SCRCP; (2) the County zoning ordinances cited in his complaint do not restrict the number of occupants allowed in the homes in Long Bay; and (3) he lacked standing to bring an action against the County.  We reverse and remand this matter to the circuit court.[1]

We find the circuit court erred in dismissing DeCiero's case under 12(b)(6).  *See Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the [circuit] court."); *Carnival Corp. v. Historic Ansonborough Neighborhood Ass'n*, 407 S.C. 67, 74, 753 S.E.2d 846, 850 (2014) ("In considering a motion to dismiss under Rule 12(b)(6), a court must base its ruling solely on the allegations set forth in the complaint."); *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) (stating that dismissal under Rule 12(b)(6) is proper if the facts alleged and inferences reasonably deducible therefrom, when viewed in the light most favorable to the plaintiff, would not entitle the plaintiff to relief on any theory).

First, we find DeCiero sufficiently pled the facts to establish a cause of action. *See* Rule 8(a), SCRCP ("A pleading which sets forth a cause of action, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds including facts and statutes upon which the court's jurisdiction depends, unless the court already has jurisdiction to support it, (2) a short and plain statement of the facts showing that the pleader is entitled to relief, and (3) a prayer or demand for judgment for the relief to which he deems himself entitled.").  Although DeCiero did not label or otherwise identify his cause of action, he alleged the elements necessary for a classic mandamus case.

Second, we find DeCiero established standing.  *See* S.C. Code Ann. § 6-29-950 (2004) ("In case a building, structure, or land is . . . used in violation of any ordinance adopted pursuant to this chapter, the zoning administrator or other appropriate administrative officer, municipal or county attorney, or other appropriate authority of the municipality or county or an adjacent or neighboring property owner who would be specially damaged by the violation may in addition to other remedies, institute injunction, mandamus, or other appropriate action or proceeding to prevent the unlawful . . . use, or to correct or abate the violation, or to prevent the occupancy of the building, structure, or land").  DeCiero alleged he was a property owner in the subdivision where the alleged zoning violations have occurred, and asserted several types of proximate harm.  He has therefore met the

---

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.

standing criteria of section 6-29-950, and sufficiently pled a concrete and particularized injury distinct from the injury to the public at large to establish standing. *Carnival Corp.*, 407 S.C. at 75, 753 S.E.2d at 850 ("For a plaintiff to possess standing[,] three elements must be satisfied. First, the plaintiff must have suffered an injury-in-fact which is a concrete, particularized, and actual or imminent invasion of a legally protected interest. Second, a causal connection must exist between the injury and the challenged conduct. Third, it must be likely that a favorable decision will redress the injury." (citation omitted)).

Finally, we find the circuit court erred in ruling as a matter of law that the zoning ordinances do not prohibit short-term rentals. The circuit court cited no authority in support of its conclusion, and the relevant ordinances do not appear in the record. Further, the issue DeCiero presents appears to be a novel question that would benefit from further development of the facts, which would better portray the legal issue. *See Evans v. State*, 344 S.C. 60, 68, 543 S.E.2d 547, 551 (2001) ("As a general rule, important questions of novel impression should not be decided on a Rule 12(b)(6), SCRCP, motion to dismiss."). Moreover, DeCiero is challenging multi-family occupancy, not short term rentals.

**REVERSED AND REMANDED.**

**MCDONALD, J., concurs. KONDUROS, J. dissenting.**

**KONDUROS, J.:** I would affirm the ruling of the circuit court.