# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Alterna Tax Asset Group, LLC, Appellant,

v.

York County, York County Treasurer, York County Delinquent Tax Collector, Robert Clay Sparrow, Mickey Crowe, Fort Mill Holdings, LLC, and David Baucom, Respondents.

Appellate Case No. 2018-000944

---

Appeal From York County
S. Jackson Kimball, III, Special Circuit Court Judge

---

Opinion No. 5836
Submitted April 1, 2021 – Filed July 14, 2021

---

**AFFIRMED**

---

Robert Daniel Dodson, of Law Offices of Robert Dodson, PA, and Matthew B. Rosbrugh, of MBR Law, LLC, both of Columbia, for Appellant.

Paul S. Landis, of Fayssoux & Landis Attorneys at Law, P.A., of Greenville, for Respondents Fort Mill Holdings, LLC and David Baucom.

Margaret Nicole Fox and James Mixon Griffin, both of Griffin – Davis, of Columbia, for Respondents Robert Clay Sparrow and Mickey Crowe.

Michael Kurt Kendree, Sr., of York, for Respondent York County.

_____

**HILL, J.:** The subject of this action is a parcel of real property York County sold at a 2014 tax sale. The appellant, Alterna Tax Asset Group, LLC, claims in its complaint that it bought the property at the tax sale. Alterna seeks to void the sale and cancel its ownership, relying upon § 12-61-10 of the South Carolina Code (2014), which states in part:

> Any . . . person . . . , [that] has purchased at or acquired through a tax sale and obtained title to any real or personal property, may bring an action in the court of common pleas of such county for the purpose of barring all other claims thereto.

In its complaint, Alterna maintains its title to the property is clouded because the sale was defective due to York County's failure to provide proper notice. Under this theory, Alterna alleges four causes of action against York County and the other Respondents: (1) declaratory judgment, (2) injunctive relief, (3) quiet title, and (4) unjust enrichment.

After hearing Respondents' Rule 12(b)(6), SCRCP motions to dismiss, the Master consulted York County's public real property records and took judicial notice that Alterna was neither the purchaser of the property at the tax sale, nor the owner currently listed on the deed. Accordingly, the Master ruled Alterna was not a real party in interest and lacked standing to sue Respondents regarding the sale. As an alternative ground for dismissal, the Master ruled that § 12-61-10 does not create a valid cause of action to void a tax sale. Alterna now appeals.

I.

A. S.C. Code § 12-61-10 and Alterna's claims for declaratory judgment and injunctive relief

Alterna claims the Master erred in taking judicial notice of the real property public records. *See* Rule 201, SCRE (providing when judicial notice is permitted). The Master's use of judicial notice at the motion to dismiss stage in these circumstances was problematic, but this appeal may be decided by a more fundamental issue: whether, as the alleged tax sale purchaser, Alterna may seek to rescind its successful purchase based on the facts alleged here. *See* Rule 220(c), SCACR (appellate court

may affirm upon any ground appearing in record). The plain language of § 12-61-10 states one who has acquired title through a tax sale "may bring an action . . . for the purpose of barring all other claims thereto." We agree with the Master that the purpose of § 12-61-10 is to clear a tax title, and we hold Alterna states no viable cause of action under § 12-61-10 when its prayer for relief is to defeat rather than defend its title. Accepting, as we must at the 12(b)(6) stage, Alterna's allegation that it purchased the property at the tax sale, we must also conclude Alterna states no valid cause of action for declaratory judgment and injunctive relief. Accordingly, we affirm the dismissal of these causes of action as Alterna has failed to state a claim upon which relief can be granted under § 12-61-10.

B. Alterna's claims for quiet title and unjust enrichment

Whether a winning bidder at a tax sale may use the quiet title doctrine or claim unjust enrichment to defeat rather than affirm the bidder's title appear to be novel questions. Novel questions of law should not ordinarily be decided at the motion to dismiss juncture unless, as here, the issues present pure questions of law that need no further factual framing. *See Evans v. State*, 344 S.C. 60, 68, 543 S.E.2d 547, 551 (2001).

A quiet title action is governed by § 15-67-10 of the South Carolina Code (2005). We have held the intent of this statute was "to enlarge the power of the court to determine adverse claims to land so as to authorize the quieting of title in cases where an action would not lie under the strict rules of equity practice. . . . Such a statute, being of a remedial nature, should be liberally construed and be held to embrace all cases coming fairly within its scope." *Benson v. United Guar. Residential Ins. of Iowa*, 315 S.C. 504, 509, 445 S.E.2d 647, 651 (Ct. App. 1994). Therefore, a plaintiff in a quiet title action is not required to allege a trespass or even damages, and as long as the alleged adverse claim "cannot be classified as imaginary or speculative, the complaint states a cause of action under the statute." *Id*.

Despite this broad reading of the quiet title statute, *Benson* affirmed dismissal of a complaint that challenged the enforceability of a judgment attaching to the plaintiff's land. *Id*. at 509–10, 445 S.E.2d at 651. The plaintiff was not alleging the judgment was invalid, only that it was unenforceable because it was placed against a previous owner's interest in the land and the previous owner had no equity due to existing mortgage liens. *Id*. We held the plaintiff's complaint failed to state a cause of action for quiet title because there was no dispute the adverse claim (the judgment lien) was valid. *Id*. at 510, 445 S.E.2d at 651.

Like the complaint in *Benson*, Alterna's complaint does not allege a proper cause of action for quiet title because there is no existing "adverse claim." Neither the County

nor anyone else is challenging Alterna's tax title, so Alterna's complaint is "imaginary or speculative." Alterna is not seeking to quiet its title but to end it.

That brings us at last to Alterna's unjust enrichment cause of action, which claims the County was enriched by pocketing the tax sale proceeds yet delivering a defective, clouded title. This claim collides fatally with § 12-51-160 of the South Carolina Code (2014), which establishes as a matter of law the presumption that a tax deed is prima facie evidence of good title. *See also Wilson v. Moseley*, 327 S.C. 144, 147, 488 S.E.2d 862, 864 (1997); *Shell v. Duncan*, 31 S.C. 547, 555, 10 S.E.330, 330–31 (1889). We further note the very clouds Alterna claims it can now see— York County's allegedly defective notification—were matters of public record visible to Alterna before the tax sale.

C. Justiciable controversy

There is yet another reason to affirm. Each of Alterna's claims rests on the belief that its presumptively good legal title is hopelessly clouded and will someday be snatched away by someone with a superior claim. Alterna therefore prays that the court deem its title void and undo what has been done. This is the hallmark of a non-justiciable controversy, one Alterna has created quite on its own. For many good reasons, courts may not be called upon to tame paper tigers or pass upon issues not subject to a genuine, concrete dispute. *Byrd v. Irmo High Sch.*, 321 S.C. 426, 430–31, 468 S.E.2d 861, 864 (1996). It is true that the Uniform Declaratory Judgment Act, S.C. Code Ann. §§ 15-53-10 to -140 (2005), is to be liberally construed so courts may sort out the legal rights of parties when there is "at least the ripening seeds of controversy" without awaiting an actual invasion of a party's rights. *Sunset Cay, LLC v. City of Folly Beach*, 357 S.C. 414, 423, 593 S.E.2d 462, 466 (2004). But nothing is ripening here, and any ruling we could make would be abstract and advisory.

Finally, we are mindful that trial courts should not dismiss pleadings with prejudice at the 12(b) stage without allowing the pleader to amend its complaint (unless amendment would be futile). *Skydive Myrtle Beach, Inc. v. Horry County*., 426 S.C. 175, 189–90, 826 S.E.2d 585, 592–93 (2019). Because any amendment would be futile here, the judgment of the Master dismissing Alterna's complaint with prejudice is

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS and THOMAS, JJ., concur.**