**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ronald L. Jones and Gayle Langley Jones, Thomas Huguenin Gaillard, as Trustee of The Thomas Huguenin Gaillard Revocable Trust, Dated April 3, 2007, and Thomas W. Cone, Jr. as Trustee of The Thomas W. Cone, Jr. Revocable Trust, Dated April 3, 2007, Respondents,

v.

Rogers Townsend & Thomas, P.C.; Lisa Hostetler; Alexander C. Peabody; and Peabody & Associates, Inc., Defendants,

Of Which Rogers Townsend & Thomas, P.C. and Lisa Hostetler are Appellants.

Appellate Case No. 2019-001140

———————

Appeal From Berkeley County
Deadra L. Jefferson, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-314
Heard May 3, 2022 – Filed July 27, 2022

———————

**AFFIRMED**

———————

Warren C. Powell, Jr., and Chelsea Jaqueline Clark, both

of Bruner Powell Wall & Mullins, LLC, of Columbia, for Appellants.

J. Jay Hulst, of Williams & Hulst, LLC, of Moncks Corner, and Robert Wade Maring, of Maring & Moyer, LLC, of Georgetown, both for Respondents.

---

**PER CURIAM:** This legal malpractice case arises out of a real estate closing. The Joneses were the purchasers. Rogers Townsend & Thomas, P.C. (the law firm) closed the sale.

The Joneses sued the law firm after they discovered an alleged easement on their property in favor of the Joneses' neighbors, the Trustees. The law firm convinced the circuit court to add the Trustees to the suit as necessary parties, but the circuit court later dismissed them. That dismissal is the subject of this appeal.

The court dismissed the Trustees because the Trustees and the Joneses entered a new easement agreement after the Trustees were added to the suit. This new agreement extinguished the old easement, though (of course) the old easement remained a ripe dispute between the Joneses and the law firm in the malpractice case.

We affirm because we agree with the circuit court's reasoning: the Trustees have no interest in the old easement and thus, no interest in this suit.

**FACTS**

The Joneses purchased the property in 2010. They hired the law firm to do the closing. The law firm allegedly failed to discover and disclose an easement granting the Trustees an easement over the property.

The Joneses sued the law firm for malpractice. The law firm asserted the easement either never existed, was no longer enforceable, or was waived, and that if any of those things were true, the Joneses could not prove damages.

The law firm moved to join the Trustees to the suit and argued the Trustees were necessary parties. Judge Buckner granted the motion.

Not long after that, the Trustees and the Joneses entered into an agreement terminating the original easement and establishing a new one over a narrower portion

of land. Then, the Trustees moved to be released from the suit, claiming they no longer had any interest in the case. The law firm moved to amend its answer to include a request for a declaratory judgment.

After back-to-back hearings, Judge Jefferson granted both motions. The law firm appeals the decision dropping the Trustees from the case.

**ISSUE**

Did the circuit court err in dismissing the Trustees from this case?

**STANDARD OF REVIEW**

The parties disagree on the standard of review. The Trustees and the Joneses argue we should review for abuse of discretion. The law firm argues we should view the facts in its favor and reverse if it is entitled to relief under any theory. *See Grimsley v. S.C. L. Enf't Div.*, 396 S.C. 276, 281, 721 S.E.2d 423, 426 (2012) (stating the standard of review for cases dismissed pursuant to Rule 12(b)(6), SCRCP).

Our precedent provides "[a] motion to dismiss a party is addressed to the court's discretion." *Demian v. S.C. Health & Hum. Servs. Fin. Comm'n*, 297 S.C. 1, 5, 374 S.E.2d 510, 512 (Ct. App. 1988) (citing 3A James Wm. Moore et al., *Moore's Federal Practice* § 21.03[1] (2d ed. 1987)) (reviewing a decision not to dismiss a party for abuse of discretion). Also, federal courts uniformly cite the abuse of discretion standard in situations involving joinder. *See, e.g.*, *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006) (explaining district judges have discretion to sever claims or dismiss them without prejudice to remedy misjoinder); *Letherer v. Alger Grp., L.L.C.*, 328 F.3d 262, 266-68 (6th Cir. 2003) (affirming the decision to drop a misjoined party because there was no abuse of discretion), *overruled on other grounds by Blackburn v. Oaktree Cap. Mgmt., LLC*, 511 F.3d 633 (6th Cir. 2008).

If forced to choose, we would follow the cases cited above and treat this as a joinder issue entrusted to the circuit court's discretion, but we find we do not need to choose. We do not see any disputed facts or inferences to draw in anyone's favor. Indeed, our conclusions would be the same if we viewed the record and gave the law firm the benefit of any factual disagreements.

**APPEALABILITY**

The Trustees and the Joneses argue that the circuit court's order is not immediately appealable and that we can avoid addressing the merits. Orders denying joinder are generally not immediately appealable. *See Marshall v. Winter*, 250 S.C. 308, 312, 157 S.E.2d 595, 596-97 (1967) (finding an order denying a motion to bring in additional parties was unappealable prior to final judgment); *Crussiah v. Inova Health Sys.*, 688 F.App'x 218, 218 (4th Cir. 2017) (finding an order denying a motion for joinder was neither a final nor an appealable interlocutory order). Here, however, the circuit court did not deny joinder. Instead, the circuit court dismissed the Trustees from the case after it had previously joined them. This was a dispositive decision as to the Trustees—it dismissed them from the case—and the grant of a dispositive motion is immediately appealable. *See Link v. Sch. Dist. of Pickens Cnty.*, 302 S.C. 1, 3-6, 393 S.E.2d 176, 177-79 (1990) (explaining an order dismissing one of multiple claims is immediately appealable); *Murphy v. Owens-Corning Fiberglas Corp.*, 346 S.C. 37, 44-45, 550 S.E.2d 589, 593 (Ct. App. 2001) (explaining an order dismissing one of multiple defendants is immediately appealable), *overruled on other grounds by Farmer v. Monsanto Corp.*, 353 S.C. 553, 579 S.E.2d 325 (2003).

## DISMISSAL, MISJOINDER, AND NONJOINDER

To this point, we have said the circuit court "dismissed" the Trustees. The Trustees captioned their motion as seeking "nonjoinder," but, as the briefing recognizes, misjoinder (rather than nonjoinder) is the vehicle for dropping parties who have previously been added. The law firm argues the Trustees are necessary parties under Rule 19, SCRCP, because it is not possible to afford complete relief or avoid duplicative litigation without them. It further argues the circuit court's dismissal of the Trustees pursuant to Rule 21, SCRCP (titled "Misjoinder and Nonjoinder of Parties"), was not proper. The Trustees and the Joneses argue the Trustees are not necessary parties under Rule 19 and that dismissal under Rule 21 was proper.

## I.    Rule 19

Removing a necessary party is generally improper. *See* 4 James Wm. Moore et al., *Moore's Federal Practice* § 21.05 (3d ed.) ("[T]he court may only dismiss a party or drop a claim against a *dispensable* party." (emphasis in original)). A party is necessary if:

> (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that

the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Rule 19(a), SCRCP.

The Trustees do not meet Rule 19's criteria. Their rights against the Joneses are settled by the new easement, not the old one. This situation is not meaningfully different from *Hardwick v. Liberty Mutual Insurance Company*, which was a dispute between the driver of a rental car involved in an accident and the rental company's insurer. 243 S.C. 162, 133 S.E.2d 71 (1963). Our supreme court explained the driver's personal automobile insurer was not a necessary party because nothing indicated the court needed to ascertain the rights under that policy before the court could determine the rights between the driver and the rental insurer. *Id.* at 169-70, 133 S.E.2d at 74 ("[I]t is well established that parties are not necessary to a complete determination of a controversy unless they have rights which must be ascertained and settled before rights of parties to the suit can be determined." (quoting *Doctor v. Robert Lee, Inc.*, 215 S.C. 332, 335, 55 S.E.2d 68, 69 (1949))). So too here—the Trustees' rights against the Joneses are settled by the new easement, not the old one. We are convinced the circuit court does not need to ascertain the Trustees' rights before it can determine the dispute about the old easement between the Joneses and the law firm. *See Altom Transport, Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420-21 (7th Cir. 2016) (dismissing an entity that had no legal interest in the suit and no claims against any party).

We have not been able to identify any interest the Trustees could have in this suit. The Trustees have no claim against the law firm for legal malpractice. The Trustees also have no interest in the original easement. We do not see any practical problems created by dropping the Trustees, nor do we see a risk of inconsistent judgments. The Joneses may win or lose their malpractice case, and we see no way either outcome affects the new easement between the Joneses and the Trustees. Therefore, the Trustees are not necessary parties.

## II.    Rules 20 and 21

Our misjoinder rule states that a dispensable party "may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the

action and on such terms as are just." Rule 21, SCRCP. This court has found misjoinder is proper when the party "fail[s] to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)." *Farmer v. CAGC Ins. Co.*, 424 S.C. 579, 585, 819 S.E.2d 142, 145 (Ct. App. 2018) (quoting 7 Wright & Miller, *Federal Practice and Procedure* § 1683 (3d ed.)). Under Rule 20(a), SCRCP, a party may join or be joined if he asserts or there is asserted against him "any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

The plain language of Rule 21 gives the circuit court broad authority to drop a party "at any stage of the action and on such terms as are just." Rule 21, SCRCP. We do not see anything unjust about the circuit court's decision to drop the Trustees. When the Trustees were joined to the case, their rights as to the Joneses were settled by the same easement at the center of the Joneses' malpractice claim. That easement no longer exists. The Trustees do not want to be in the case, they have no claim against the other parties, and as far as we can see, dropping the Trustees does not prevent or impair the law firm from asserting any of its claims about the original easement's validity. We see no error on the circuit court's part. *See* 4 James Wm. Moore et al., *Moore's Federal Practice* § 21.03 (3d ed.) (noting dismissal of a party must be on terms that are just and would be error if it prejudiced a party's substantial rights).

Even if we go beyond the rule's plain language and consider whether the Trustees satisfy the preconditions of permissive joinder, we reach the same conclusion. The Trustees do not assert any right to relief against the law firm, and the law firm does not have any conceivable claim against the Trustees. As we read the filings, the law firm seeks a declaratory judgment on the validity of the original easement, but the Trustees no longer claim any interest in that easement. Accordingly, we agree with the circuit court that dismissal for misjoinder was proper.

## DECLARATORY JUDGMENT

The law firm argues the rulings are inconsistent. In its motion to amend, the law firm sought to add a declaratory judgment not just against the Joneses, but against the Trustees as well. The law firm suggests that dropping the Trustees ran afoul of the declaratory judgment statute because the firm seeks a ruling on the new easement's validity as well as the old one. *See* S.C. Code Ann. § 15-53-80 (2005) ("When declaratory relief is sought all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.").

We do not see how the law firm could have standing to challenge the new easement, which (by all accounts) was a voluntary agreement between the Trustees and the Joneses. We do not see how the new easement affects the law firm or its defense that the original easement was not valid. *See Bailey v. Bailey*, 312 S.C. 454, 458, 441 S.E.2d 325, 327 (1994) (explaining standing requires a personal stake in the controversy).

There is undoubtedly a cause-and-effect relationship between the two agreements. If the original easement turns out to be invalid or waived, that may show the Joneses' decision to participate in the new easement was unwise or imprudent. Either way, it seems apparent that the Trustees will not be affected by a declaratory judgment on the original easement's validity.

Finally, the record makes clear that the circuit court dismissed the Trustees from the case before granting the law firm's motion to amend. We cannot sensibly construe the circuit court's twin rulings as releasing the Trustees only to add them right back.

## REMAINING ISSUES

The law firm's four additional arguments do not alter our opinion. We address them briefly below.

First, when the parties were before the circuit court, the Trustees and the Joneses argued the law firm did not have standing to challenge the original easement's validity. The law firm argues the circuit court should have affirmatively ruled it has standing. The law firm clearly has standing to make all arguments necessary to its defense. The circuit court stated standing was "for another day," and we are confident the court will handle disputes about standing if any such disputes remain when the case is tried.

Second, the law firm argues Judge Buckner's order joining the Trustees was the law of the case and that Judge Jefferson did not have the authority to drop them. We disagree. The new easement agreement between the Trustees and the Joneses did not exist at the time Judge Buckner joined the Trustees. *See Nelson v. Charleston & W. C. Ry. Co.*, 231 S.C. 351, 357, 98 S.E.2d 798, 800 (1957) (explaining the law of the case doctrine is inapplicable when the evidence has materially changed).

Next, the law firm argues the circuit court relied solely on arguments of counsel rather than actual evidence in reaching its decision that the Trustees and the Joneses

had entered a new agreement. We disagree. The circuit court had a copy of the new easement between the Trustees and the Joneses. Indeed, the law firm attached a copy of the new easement agreement to its motion to amend its answer.

Last, the law firm argues the circuit court said during one of the hearings that the Trustees had "to come over the property somehow[, s]o they needed to resolve it." The law firm asserts this essentially amounted to a ruling there was an easement by necessity. Again, we disagree. While we do not know what to make of this particular comment, there is no language in any of the circuit court's orders suggesting the circuit court decided anything more than the discrete issues the then-pending motions presented.

**CONCLUSION**

For these reasons, the circuit court's order dropping the Trustees from the case is

**AFFIRMED.**

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**